### PAYNE *against* YOUNG and others.

In an application for an attachment against a nonresident debtor, it is necessary that the fact that the applicant is a resident, must be distinctly proved. A recital of the applicant's residence by way of addition, in the application which is verified, is not sufficient.

In this case the form used was " the application of C. L. Y. & J. B. T. of the city of New York," and the affidavit alleged that the matters stated in the application were true: *held* insufficient.

The plaintiff in this action sued the defendants in the superior court of the city of New York, for a quantity of coal sold to them. They defended the action on the ground that the plaintiff being a nonresident of the state, had been proceeded against by attachment, as a nonresident debtor, and that regular proceedings had been thereupon had restraining the payment of debts due to him. The only question litigated in the case arose upon the proofs upon which the attachment was obtained. The superior court held them insufficient, under the ruling in *Staples* v. *Fairchild*, (3 *Coms.* 41,) and gave judgment against the defendants, who appealed to this court. The facts upon which the question arose are stated in the opinion of the court.

*S. Beardsley*, for appellant.

*N. Hill, jr.*, for respondent.

JEWETT, J. The plaintiff, it is claimed by the defendants, was proceeded against by them on the ground that they were residents of the city and county of New York, and that he was a resident of the state of Pennsylvania. The material question made for determination, is, whether the application, made to the recorder of New York, for an attachment, *stated that the applicants were residents of the city and county of New York.* For unless it did, the at-

tachment and all subsequent proceedings under it, it is well settled, must be held to be void.

The application commences thus—" The application of Charles L. Young Jeremiah B. Taylor and James W. Healey, all of the city of New York," &c. respectively shows, &c." It is verified by the affidavit of Jeremiah B. Taylor, thus; " Jeremiah B. Taylor, one of the above applicants, being duly sworn says, that the *matters stated* in the above application, are true of his own knowledge." It is insisted that the fact that the applicants were all residents of the city of New York, is stated in the application, and that it was duly verified because the affidavit of Taylor, verifies all of the *matters stated* in the application. I think that it is a mistake to say, that the fact of residence of the applicant, is a matter *stated* in the application; and therefore there is no oath to the fact of residence. It is a jurisdictional fact. There are many decisions in our court, holding uniformly, that the averment of facts upon which jurisdiction in such and in similar cases depends, must be positive, and that it is not sufficient that jurisdiction may be inferred, argumentatively, from what appears in the application or petition. This case can not, as I think, be distinguished in principle from the case of *Staples* v. *Fairchild*. The judgment must be affirmed.

MASON, J., delivered a written opinion concurring.

MORSE, J., did not hear the argument.

Judgment affirmed