## PAYNE *against* YOUNG and others.

### *Affidavit for attachment.*

· WHEN a jurisdictional fact is required to be shown by affidavit, it must be positively stated, and not by way of recital.

This was an action commenced in the Superior Court of the city of New York for goods sold to the defendants. The defence was, that an attachment had been issued against the plaintiff as a non-resident debtor, and an order made and published prohibiting payment to him. On the trial the petition for the attachment was introduced, which commenced as follows : "The application of Charles L. Young, Jeremiah B. Taylor and James W. Henley, *all of the city of New York*, and co-partners," &c.; it then stated that Payne was a resident of Pennsylvania, and was indebted to the petitioners in the sum of $2,500, on contract, and prayed for an attachment. At the foot of the petition was the affidavit of Taylor, one of the petitioners, stating that "the matters stated in the above application" were true of his own knowledge. The Superior Court held that the application was not sufficient to give the officer who issued the attachment, jurisdiction, as there was no affidavit that the applicants were residents of the city or state of New York, and judgment was given for the plaintiff.

The Court of Appeals affirmed the judgment, holding that the case could not be distinguished in principle from that of Staples *against* Fairchild (3 Comst. 41).

(S. C., 8 N. Y. 158.)