STEVENSON v. HARGRAVES.

(First Division.  Juneau.  April 2, 1917.)

No. 1592–A.

1. PROCESS ☞96(4)—SERVICE BY PUBLICATION—AFFIDAVIT.

The defendant in this action was plaintiff in a former action where he procured a judgment against the plaintiff here on a money demand, during the absence of this plaintiff from the territory.  Service of the summons and complaint in the former case was made by publication only.  The affidavit for publication of summons in the former case set forth "that service of summons cannot be made upon defendant in accordance with the provisions of section 878, Compiled Laws of Alaska, for the reason that defendant is not within the territory of Alaska, and after due and diligent search cannot be found therein."  On writ of review, *held*, the affidavit is fatally defective, since it does not show that service could not have been made by leaving the summons with "some person of the family above the age of 14 years at the dwelling house or usual place of abode of the defendant."

2. PROCESS ☞98—SERVICE BY PUBLICATION—SHOWING IN RECORD.

Where personal service of the summons cannot be made on a defendant under section 878 of the Compiled Laws of Alaska 1913, it must be made to appear in the record to the satisfaction of the court or judge that the publication is sought in one of the cases specified in the six subdivisions of section 879, Compiled Laws of Alaska 1913, and if it does not so appear in the record that it is sought in any one of said cases there is no showing made that will justify a summons by publication.

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. JUSTICES OF THE PEACE ⬦⟹119(3)—PROCESS—PUBLICATION—VA-
LIDITY OF JUDGMENT.

The suit was before a justice of the peace, and was for a
money judgment against the defendant, and the service was by
publication. Such a judgment, rendered without statutory serv-
ice of summons, would be absolutely void. A judgment based on
attachment, or on the foreclosure of an attachment lien, would
be void on such service, for defendant cannot be charged with
notice that anything except a personal judgment was going to be
taken against him.

4. PROCESS ⬦⟹108—SERVICE BY PUBLICATION—REQUISITES.

Where service of a summons on a nonresident was ordered
to be made by publication, section 880, Compiled Laws of Alaska
1913, provides that the court or judge shall also direct a copy of
the summons and complaint to be forthwith deposited in the post
office, directed to the defendant at his place of residence. *Held*,
an order of publication which omits that direction is fatally
defective.

Plaintiff herein sued out a writ of review under chapter
55 (§§ 1374–1383) of the Compiled Laws of Alaska of 1913,
for the purpose of having reviewed and set aside a certain
judgment heretofore rendered by E. A. Rasmussen, United
States commissioner and ex officio justice of the peace at
Skagway, against the plaintiff herein, at the suit of W. B.
Hargraves. The writ was duly issued, and the justice made
return by annexing copies of the complaint filed with him and
record of proceedings had before him.

It appears from the complaint that the action was the ordi-
nary one for money alleged to be due from said W. L. Steven-
son to said W. B. Hargraves, and only a money judgment is
asked. Summons was duly issued, and the return on said sum-
mons is as follows:

"I hereby certify that I received the within summons on the 4th
day of November, 1916, at Skagway, Alaska, and after due and dili-
gent search and inquiry I am unable to find the within-named de-
fendant, W. L. Stevenson, within my division or district. Therefore
I return the within summons unserved. Dated, Skagway, Alaska,
November 16, 1916. H. A. Bishop, U. S. Marshal, by Frank R. Cook,
Office Deputy U. S. Marshal."

On the return of this summons unserved, the defendant
herein (plaintiff in said suit) made an affidavit for publication
of summons. That affidavit stated:

⬦⟹See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5 A.R.—42

"That service of summons cannot be made upon defendant in accordance with the provisions of section 878, Compiled Laws of Alaska, for the reason that defendant is not within the territory of Alaska, and after due and diligent search cannot be found therein; that I [plaintiff therein] have good cause of action against the defendant as appears by the complaint herein; that defendant has personal property in the territory, to wit, launch Golden Rod, now at Skagway, and the above-entitled court has jurisdiction of the action; that the address of defendant is unknown to this plaintiff and cannot with reasonable diligence be ascertained by him. [Signed]   W. B. Hargraves."

On the filing of said affidavit for publication of summons the justice issued an order in which he recited:

"Upon reading and filing the affidavit of William B. Hargraves, plaintiff herein, it satisfactorily appearing therefrom to me that the defendant resides without the territory of Alaska and cannot after due diligence be found therein; and it further appearing that a cause of action exists in favor of plaintiff and against defendant, and that defendant is a necessary and proper party thereto; and it further appearing that a summons has been duly issued out of this court in this action and that personal service cannot be made upon defendant, as appears from the affidavit of plaintiff herein; and it further appearing that defendant has personal property within the jurisdiction of this court, and that the court has jurisdiction thereof:

"Now, upon oral motion, it is ordered that service of summons in this action be made upon defendant by publication thereof in the Daily Alaskan, a newspaper published at Skagway, Alaska, and hereby designated as the newspaper most likely to give notice to said defendant; that said publication be made at least once a week for six consecutive weeks."

On the 7th day of February, 1917, there was filed in said justice of the peace court a motion for judgment, supported by affidavit, which motion and affidavit are in words and figures following, to wit:

"Comes the plaintiff in the above-named case and shows to this court that service by publication was had as shown by the accompanying affidavit of the publisher; that no answer has been filed; that the time for answer has expired. Wherefore the plaintiff asks judgment of this court be entered against the defendant for the sum or sums specified in the complaint and such other relief as may be just.                              [Signed]   Wm. B. Hargraves.

"United States of America, Territory of Alaska, First Judicial Division—ss.:

"I, John M. Keller, being first duly sworn, on oath deposes and says: That the Skagway Daily Alaskan is a newspaper of general

circulation published at Skagway, First judicial division, territory of Alaska, and that the affiant is the business manager of such newspaper. That the summons for publication in the matter of W. B. Hargraves, plaintiff, v. W. L. Stevenson, defendant, a true copy of which is hereto attached, was published in said newspaper in its issues of November 25, 1916, December 2, 9, 16, 23, 30, 1916, January 6, 1917.                                      John M. Keller,
          "Business Manager of the Skagway Daily Alaskan.
"Subscribed and sworn to before me this 7 day of February, 1917.
                 "[Seal.]   E. A. Rasmussen, U. S. Commissioner."

On the same day the justice entered judgment as follows:

"Upon application of the plaintiff in the above-named case, and it being shown to the satisfaction of the court that due service has been made by publication, that no answer has been made within the time specified in the summons, and that no additional time has been granted by the court for answering, it is ordered and adjudged that the plaintiff herein do have and recover of and from the defendant the sum of $975, and the further sum of $31.65, covering the costs of the action as taxed by me."

Winn & Burton, of Juneau, for plaintiff.
John B. Marshall, of Juneau, for defendant.

JENNINGS, District Judge.   The plaintiff herein relied upon certain alleged defects in every step taken after the issuance of summons, which alleged defects are stated to be fatal to the jurisdiction.   I will notice only a few of those defects, as the points noticed are sufficient to dispose of the matter.

### The Affidavit for Publication of Summons.

Section 878 of our Code provides that a summons must be served by delivering a copy thereof "in all cases, to the defendant personally, or, if he be not found, to some person of the family above the age of 14 years, at the dwelling house or usual place of abode of the defendant."   It will be seen that, if the defendant can be found, then the service is not to be made by leaving the summons with some person of the family above the age of 14 years, but, if he cannot be found, then it may be so left.

Section 879 is in substance and effect that there can be no service of summons by publication, unless it be a fact that the "service of the summons cannot be made as prescribed in section 878."

The affidavit which is the foundation of the order for the publication of summons shows on its face that it is fatally defective. It states "that service of summons cannot be made upon defendant in accordance with the provisions of section 878, Compiled Laws of Alaska," and if the affidavit stopped there the fatal defect mentioned would not appear; but the very next clause shows that what the affidavit maker had in mind as the reason why the service could not be had as provided in section 878 was only the reason that defendant is not within the territory of Alaska and after due and diligent search cannot be found therein. The reason set forth is plainly insufficient. It may be that Stevenson was not within the territory of Alaska at that time, and that after due and diligent search he could not be found therein; but there is no explanation as to why the summons was not left with "some person of the family above the age of 14 years at the dwelling house or usual place of abode of the defendant." It is not stated that the defendant is not a resident of Skagway, but simply that he is not within the territory of Alaska and after due and diligent search cannot be found therein.

There is many a resident of Alaska who is not at present within the territory of Alaska, and whom a due and diligent search would fail to find, and yet one cannot proceed by publication against him. The thing to do is to leave the summons with some person of the family above the age of 14 years, at the dwelling house or usual place of abode of the defendant. If summons cannot be served in either one of the two ways pointed out by the last clause of section 878, then under certain conditions the publication of the summons may be resorted to.

The affidavit for summons by publication is further fatally defective, in that there is no showing made that the publication of summons is sought in any one of the cases specified in subdivisions numbered 1, 2, 3, 4, 5, and 6 of section 879. When the publication of summons is sought, it is not sufficient only that "service of the summons cannot be made as prescribed in the last preceding section and that the defendant after due diligence cannot be found within the district." It must also appear to the satisfaction of the court or judge that the publication is sought in "one of the following cases, viz." (see section 879). And if it does not appear that it is sought in any one of said cases, there is no showing made that will justify a summons by publication.

It is true that the order of publication recites that it satisfactorily appears to the justice from the affidavit of W. B. Hargraves "that the defendant resides without the territory of Alaska"; but an inspection of said affidavit plainly shows that no such thing does appear.

### The Summons for Publication.

This, too, is fatally defective, so far as being a support for the judgment.

The published summons states that in default of answer the plaintiff will take judgment for the sum of $975, and will apply to the court for the relief set out in the complaint filed herein.

Now, the only relief "set out in the complaint filed herein" is a money judgment, personal judgment, for $975. Such a judgment, rendered without statutory service of summons, would be absolutely void. It may be presumed that Stevenson, seeing the published summons and the complaint and knowing the law, might have made no appearance whatsoever because of his knowledge of the futility of such a judgment. But he cannot possibly have known that the justice was going to render a judgment foreclosing an attachment lien, or even that any property had ever been attached. He cannot be charged with notice that anything except a personal judgment was going to be taken against him. Ballew v. Young, 24 Okl. 182, 103 Pac. 624, 23 L. R. A. (N. S.) 1084.

### The Order for Publication.

The order, also, is fatally defective, because it is not according to statute, in that it is nowhere found as a fact, or stated to be found as a fact, that it appears that the residence of defendant is neither known nor can with reasonable diligence be ascertained, and unless such facts appear the order for publication must "direct a copy of the summons and complaint to be forthwith deposited in the post office, directed to defendant at his place of residence." This is not done in this order for publication.

"But when the order of the court omits to direct a deposit in the post office, and there is nothing in the record, or in the facts recited in the order, to excuse such omission, the requirements of the statute are not complied with by mere publication. The statute contemplates, if possible, that actual notice shall be had of the pendency of the action. Deposit in the post office, directed to the residence of the

defendant, would be much more likely to notify him of the pendency of the action, than publication of the summons in a newspaper, however general its circulation." Odell v. Campbell, 9 Or. 303.

Resort to Hargraves' affidavit will not help the matter. That affidavit merely says that affiant does not know Stevenson's address and cannot ascertain it.

"When * * * constructive service of process by publication is substituted in place of personal citation, and the court upon such service is authorized to proceed against the person of an absent party, not a citizen of the state, nor found within it, every principle of justice exacts a strict and literal compliance with the statutory provisions." Galpin v. Page, 18 Wall. 350, 21 L. Ed. 959; Odell v. Campbell, 9 Or. 304.

### Proof of Publication.

Here, too, there is a fatal defect. By the statute the proof of publication can be made only by the affidavit "of the printer, or of his foreman, or of his principal clerk." C. L. § 884. J. M. Keller, who made the affidavit of publication, swears that he is the business manager of such newspaper. One might be the business manager of a newspaper, and yet be neither "printer," nor "foreman," nor "principal clerk." This is insufficient. Odell v. Campbell, 9 Or. 307.

### Judgment.

This, too, is totally void. It will be seen that it is a purely personal judgment. Such a judgment, if good at all, is not necessarily to be satisfied out of any attached property, but is a general charge against any nonexempt property of defendant Stevenson. Such a judgment cannot be rendered without service as required by statute; it cannot be rendered on service by publication.

This judgment cannot be satisfied out of the attached property, if, indeed, any property was attached, for the reason that the failure to include in the judgment an order for the sale of attached property releases the attached property from the lien of the attachment. Section 979, C. L. 1913; Love v. Pavlovich, 222 Fed. 842, 138 C. C. A. 268.

The judgment, therefore, is not good, either as a personal judgment or a judgment against attached property.

The writ of review is sustained, and the judgment is annulled.