Argued March 8, affirmed April 2, 1918.

# OLDS *v.* OLDS.*

(171 Pac. 1046.)

**Master and Servant—Employers' Liability Act—Pleading—Election.**

1. Since Laws of 1913, page 188, creating Industrial Accident Commission, does not raise any presumption whether the employer is subject to the act, an injured servant need not allege that the master had given notice that he would not come under the act; the fact of absence of such notice being a matter of affirmative defense.

[As to right to, and effect of election with respect to, acceptance of provisions of Workmen's Compensation Act, see note in Ann. Cas. 1915C, 308.]

**Witnesses—Injuries to Servant—Evidence—Admissibility.**

2. In servant's action for injuries when lumber on wagon having no brake, crowded horses and caused runaway, in the absence of evidence that a chain, rope or other deterrent was furnished by the master, question on cross-examination why the servant did not lock the wheels was properly excluded, since he was not required to furnish such appliances.

**Master and Servant—Injuries to Servant—Instructions—Contributory Negligence.**

3. In view of Laws of 1911, page 16, Section 1, requiring contractors on any work involving a risk or danger to the employee to use every practicable device, care and precaution, and Section 6, providing that the contributory negligence of the injured servant shall not be a defense, though it may be considered in fixing damages, and General Laws of 1913, page 192, Sections 13 and 14, defining engineering works as hazardous occupations and to include the repair of highways, a servant injured by runaway of team while hauling lumber for repairing bridge, which was caused by failure to supply brake for wagon, so that in going down hill the lumber crowded the horses and frightened them, the servant's alleged negligence could be considered only in mitigation of damages.

**Trial—Injuries to Servant—Instructions—Contributory Negligence.**

4. In servant's action for injuries in runaway when lumber on wagon crowded horses, frightening them, evidence *held* to warrant refusal of instruction that, if the load became loosened, plaintiff could not recover, since it showed that the load did not become loosened until the horses were frightened by being crowded by the lumber because the tongue of the wagon was too short.

**Master and Servant—Injuries to Servant—Instructions—Contributory Negligence.**

5. In servant's action for injuries based on Employers' Liability Act, requested instruction to find for defendant if the servant was

---

*For authorities discussing the question of contributory negligence as a defense to an action based on a breach of the master's statutory duty, see note in 49 **L. R. A. (N. S.)** 526.          REPORTER.

88 Or.—14

contributorily negligent was properly refused in view of Laws of 1911, page 18, Section 6, permitting contributory negligence to be considered only in mitigation of damages.

From Clackamas: JAMES U. CAMPBELL, Judge.

Department 2.

This is an action to recover damages for a personal injury, and is based upon the obligation created by the Employers' Liability Act: Gen. Laws Or. 1911, Chap. 3. The complaint charges in effect that at the time of the accident the plaintiff was employed by the defendant to aid him in constructing a bridge on the public highway, which crosses the Sandy River in Clackamas County, Oregon; that on September 4, 1915, the plaintiff was ordered by the defendant to take the latter's horses, harness and wagon, drive to a sawmill, get a load of lumber, and take it to the bridge; that in obeying the command it became necessary for the plaintiff in returning from the mill to descend a steep hill and in doing so the lumber, without his fault, crowded upon the horses causing them to run and rendering it impossible to check their speed, whereby he was violently hurled to the ground and seriously injured, particularly describing the hurt; that the wagon so furnished was defective in that it had no appliance to prevent the vehicle from pressing upon the team while going down hill; that the defendant had full knowledge of the inadequate condition of the wagon and had promised the plaintiff and other employees to attach a brake to the vehicle, but he failed to do so which neglect was the proximate cause of the injury; and that by reason thereof the plaintiff sustained damages in the sum of $10,000, for which judgment was demanded.

The answer denies the material averments of the complaint, and for further defenses alleges facts tend-

ing to show (1) that the plaintiff knew and assumed
the risk to which he was exposed; (2) that he was
guilty of negligence in managing the team at the time
he was hurt; and (3) that the accident was unavoid-
able.

The reply put in issue the allegations of new matter
in the answer, and the cause having been tried the
plaintiff secured a verdict and judgment of $3,500,
and the defendant appeals.                    AFFIRMED.

For appellant there was a brief over the names of
*Mr. Frank S. Senn* and *Mr. Grant B. Dimick,* with an
oral argument by *Mr. Senn.*

For respondent there was a brief over the names
of *Mr. Earle C. Latourette, Messrs. C. D. & D. C. La-
tourette* and *Mr. George C. Brownell,* with oral argu-
ments by *Mr. Earle C. Latourette* and *Mr. C. D.
Latourette.*

MOORE, J.—It was contended at the trial in this
court that the complaint does not state facts sufficient
to constitute a cause of action, in that it fails to allege
that the defendant at the time of the accident, had
been relieved from the obligations of the Industrial
Accident Insurance by filing with the commission a
written notice of his election not to be subject to the
provisions of that statute.   Gen. Laws Or. 1913, Chap.
112, Sec. 10 of that enactment reads in part:

"All persons * * engaged as employers in any of
the hazardous occupations hereinafter specified shall
be subject to the provisions of this act; *provided, how-
ever,* that any such person * * may be relieved of
certain of the obligations hereby imposed, and shall
lose the benefits hereby conferred by filing with the
commission written notice of an election not to be sub-
ject thereto in the manner hereinafter specified."

A part of Section 13 of that statute provides:
"The hazardous occupations to which this act is applicable are as follows: * * Engineering works."

Section 14 thereof, as far as involved herein, is as follows: "Engineering work means any work of construction, improvement or alteration or repair of * * highways."

When this action was commenced Section 15 of the enactment contained a clause as follows: "Any employer engaged in any such hazardous occupations who would otherwise be subject to this act, may * * file with the commission a statement in writing declaring his election not to contribute to the Industrial Accident Fund hereby created, and thereupon such employer shall be relieved from all obligations to contribute thereto and * * shall be entitled to none of the benefits of this Act, and shall be liable for injuries to or death of his workmen, which shall be occasioned by his negligence, default or wrongful act as if this act had not been passed."

The provisions thus quoted are sufficient to show that though the plaintiff, when he was injured, was engaged in engineering work, the performance of which is classified by the statute as a hazardous occupation, no action to recover the damages occasioned by the hurt could have been maintained against the defendant unless he had elected, in the manner prescribed, not to be subject to the obligations imposed, nor to enjoy the privileges conferred by the enactment. The complaint herein contains no allegation of such renunciation, and for lack thereof the defendant's counsel insist that the initiatory pleading is insufficient. In support of the legal principle so asserted reliance is placed upon the decision in the case of *Krisman* v. *Johnston City Mining Co.,* 190 Ill. App. 612, where in construing the provisions of a Workmen's Compensation Act of Illinois, which provided:

"No common law or statutory right to recover damages for injury or death sustained by an employee, while engaged in the line of his duty as such employee other than the compensation herein provided shall be available to any employee who has accepted the provisions of this Act": and every employer included in the act "is presumed to have elected to provide and pay the compensation according to the provisions of this Act, unless and until notice in writing of his election to the contrary is filed with the State Bureau of Labor Statistics,"

it was held that a judgment in favor of the plaintiff could not be sustained when the initiatory pleading contained no averment that the parties were not under the provisions of the act. To the same effect is the case of *Dietz* v. *Big Muddy Coal & Iron Co.,* 263 Ill. 480 (105 N. E. 289). The conclusions thus reached evidently proceed upon the theory that in order to overcome the presumption thus declared, it was necessary for the plaintiffs in the cases cited, upon whom the burden of proof was thus imposed, to allege in the initiatory pleadings and to prove at the trial that the employers for whom each rendered services when hurt, had given notice of an election not to accept the provisions of the enactment.

1. Our statute, creating the State Industrial Accident Commission, clauses of which have hereinbefore been quoted, does not proclaim any presumption in favor of or against the employer or any other person, and hence it was unnecessary to allege in the complaint herein that the defendant, prior to the injury, had declared his election, in the manner prescribed, not to contribute to the Industrial Accident Fund. The act last referred to confers a special privilege upon an employer, thereby releasing him from the common-law liability to respond in damages for a personal injury

that has been caused by his negligence, unless he formally renounces the benefits thus bestowed, and such enactment, like the statute of limitations or other bar raised by the legislature to the maintenance of a common-law action must be set up as new matter in the answer, unless the fact affirmatively appears upon the face of the complaint, which defense a plaintiff is not obliged to anticipate as a condition precedent to the right to maintain his action. The Employers' Liability Act of Oregon is a modified form of the common-law remedy, whereby an employee is permitted to recover from an employer damages for a personal injury which was caused by the latter's negligence. The complaint herein is sufficient.

2. Upon cross-examination, the plaintiff was asked:

"Having been up and down the hill and knowing it was a steep grade like Singer Hill out here, why didn't you lock the wheels with a chain or rope?"

An objection to the inquiry on the ground that an employee was not required to furnish suitable appliances was sustained, an exception allowed, and it is contended by defendant's counsel that an error was thereby committed. The evidence shows that the plaintiff used a chain with which to bind the load of lumber to the wagon in order to prevent the material from slipping on the vehicle when it was being hauled from the sawmill to the bridge. No testimony was offered tending to show that the defendant furnished the plaintiff a rope or any other chain with which he could have locked the wheels while descending the hill. If it had appeared from the evidence that the defendant had supplied the means suggested by the use of which the movement of the wagon might have been retarded in going down hill, and the plaintiff had failed to employ such appliances for the purpose for

which they were furnished, a very different question would have been presented as tending to show that his negligence in this respect was the proximate cause of the injury. No error was committed in this particular.

3. The jury were instructed in effect that the plaintiff's alleged negligence, if any, could be considered only in mitigation of damages. An exception having been taken to this part of the charge, it is contended by defendant's counsel that an error was thereby committed. The rule thus declared by the court obtains in actions based upon the liability created by the Employers' Liability Act: Gen. Laws Or. 1911, Chap. 3, § 6. In another enactment "engineering work," in the performance of which the plaintiff was engaged when he was injured, is declared to be one of the "hazardous occupations": Gen. Laws Or. 1913, Chap. 112, §§ 13 and 14. The term last employed is a legislative classification of a peril to which the plaintiff was exposed, and though the phrase is used in another statute it relates to a "work involving a risk or danger to the employees" as specified in Section 1, Gen. Laws Or. 1911, Chap. 3. The testimony does not disclose how far it is from the hill where the plaintiff was hurt to the bridge which the defendant was building. If it be assumed, however, that the distance is so great that it can certainly be said the plaintiff was not then engaged in "engineering work" the services which he was discharging were rendered hazardous because the defendant furnished a wagon, the tongue of which was too short, and neglected to supply a rope or chain with which to lock the wheels. In any event, therefore, the plaintiff, when he was injured, was performing labor which involved risk and danger to employees, within the specifications of the Employers'

Liability Act. The action herein is properly based upon the right created by the latter enactment, and this being so no error was committed in giving the instruction in question.

4. An exception having been taken to the action of the court in denying the request of defendant's counsel, they insist an error was committed in refusing to charge the jury as follows:

"If you find that the plaintiff was injured because the lumber became loosened on the wagon and struck the horses and it was the loosening of the lumber that caused the horses to run, then I instruct you that the plaintiff cannot recover in this case, and your verdict must be for the defendant."

Assuming without deciding that the requested instruction correctly stated the rule of law applicable to a particular state of facts, it is not believed the evidence which was received was sufficient to justify such a charge. J. H. Frommeyer testified that by direction of the defendant he went with the plaintiff to the mill where the material was loaded upon and properly chained to the wagon; that the ends of the lumber extended beyond the front bolster to the line of the double tree; that the end of the wagon-tongue had been broken and in consequence thereof was shortened; that as the team began to descend the hill, the ends of the lumber struck the legs of the horses causing them to run, and after the team had started in mad speed the chain slipped allowing the lumber further to press upon the horses. On recross-examination this witness was asked,

"Now you say they [the horses] started down the hill. When did the chain get loose?"

He replied: "After the timbers hit the horses when they started to run, while they were running.

"Q. Why did you testify in direct examination that the timbers got loose and slipped down on the horses when they started down the hill?

"A. That is the way I mean it. That the timbers hit the horses after they started down the hill, and then they started to run."

A careful examination of the testimony shows that because the end of the wagon-tongue had been broken off, thereby shortening the pole, the horses were necessarily hitched closer to the load, and since the wagon had no brake the ends of the projecting lumber struck the horses' legs, causing them to run, and thereupon the chain employed to fasten the lumber to the wagon became loose. The defendant offered no evidence. The testimony of plaintiff's witnesses shows that it was the lack of a brake or other appliance to retard the speed of the wagon which constituted the proximate cause of the injury, and not the binding of the lumber by a chain to the wagon. No error was committed in this particular.

The court was requested to charge the jury as follows:

"If you find that the lumber on this wagon became loosened and shifted on the horses and that this was the proximate cause of the horses running away and injuring plaintiff, then I instruct you that the verdict must be for the defendant."

The request was denied and it is maintained that an error was thereby committed. This question is so nearly identical with the inquiry immediately preceding that the answer there undertaken to be made renders any further comment thereon unnecessary.

5. The defendant's counsel also excepted to the court's refusal to charge as follows:

"It was the duty of the plaintiff, the injured party, to exercise ordinary care in driving this team and

hauling this lumber, and when going down this hill it was his duty to exercise ordinary care to avoid injury, and if you find that his injuries resulted from his own lack of care in the manner in which he drove the team, or if you find he struck one of the horses and this caused the team to run away and injure him and this act on his part was a want of ordinary care, then I instruct you that the plaintiff cannot recover damages and your verdict must be for the defendant.''

This action, as has hereinbefore been determined, is based upon the Employers' Liability Act, a section of which provides in effect that the contributory negligence of the person injured shall not bar the maintenance of an action founded upon that statute, to recover damages for the hurt sustained, but such want of ordinary care may be taken into consideration by the jury in awarding the measure of recovery: Gen. Laws Or. 1911, Chap. 3, § 6. The concluding clause of the request shows that no error was committed in refusing to give the instruction requested.

Other alleged errors are assigned, but as they are not argued in the brief of the defendant's counsel, they will not be considered. It follows that the judgment should be affirmed and it is so ordered.

AFFIRMED.

McCAMANT, BEAN and BENSON, JJ., concur.