**MARKS v. BAUERS et al.**

(Circuit Court of Appeals, Ninth Circuit. February 2, 1925. Rehearing Denied March 2, 1925.)

No. 4274.

Master and servant ⊙⟶228(3)—Foreman, failing to comply with statutory duty as to safety devices, held not entitled to recover for injuries.

Foreman about rock-crushing plant, injured through lack of safety appliances which it was his' duty, under Employers' Liability Act Or. (Or. L. §§ 6785–6787, 6790), to have seen provided, and which he had authority as foreman to provide, *held* not entitled to recover for injuries so sustained.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Action by Marion E. Marks against Carl Bauers and George F. Price, copartners doing business under the firm name and style of Bauers & Bauers. Judgment for defendants, and plaintiff brings error. Affirmed.

This action for damages was brought by the plaintiff in error; his complaint alleging, in substance, that on or about March 1, 1923, the defendants entered into a contract with' the state highway commission of the state of Oregon to grade and surface a certain section of the Sherman Highway, in that state, for the purpose of performing which contract the defendants caused.to be erected at a certain designated point a rock crusher operated by power furnished by two gasoline tractors, and setting up and maintaining in connection with the crusher a system of power-driven conveyors, so equipped as to receive partially broken rock at a point below the surface of the surrounding earth, and conveying the same upward a distance of approximately 38 feet to a hopper used in connection with the crusher, the conveyors consisting of a belt about 16 inches wide, to which was attached a system of buckets, designed to receive the rock at the bottom of the conveyor and carrying it to the top of the hopper; that the rock usually handled in the buckets was of irregular size and shape, the bucket scooping up as much of the rock as could be contained and carried therein; that the belt was propelled by means of pulleys at either end thereof, the pulley in the lower end being installed in a pit about 4 feet below the level of the surrounding earth, the entire 'machinery of the crusher being propelled by two gasoline tractors of 150 horse power; that the machinery and work itself was inherently dangerous; that in setting up, operating, and maintaining the crusher, in violation of the law of the state, defendants neglected to cover and protect the conveyor so as to prevent portions of the rock being carried in the buckets from dropping out of them and falling or being thrown upon employees engaged in the work; that it was practicable without interfering with the efficiency of the structure for the defendants to have covered and protected the conveyor, so as to prevent the falling of' rock from the buckets, by equipping the tractors used as motive power therefor, as well as the conveyor belt, with devices for the shifting of the belts without in any wise interfering with the efficiency thereof; that.in setting up the structure and machinery the defendants carelessly erected the conveyor at a very steep angle and in such' manner that the buckets of rock carried thereby passed under the beam so closely that portions of the contents of the buckets were often struck by the beam and thrown out of the buckets; that in setting up the machinery the defendants carelessly failed to excavate a sufficiently large. opening for· the lower end of the conveyor, and were engaged at the time the plaintiff received the injuries complained of in operating the lower end of the conveyor in a very small pit, whereby it was made very difficult for any person· to engage in any service about the lower end of the conveyor.

The complaint also set forth that portion of section 6620 of the Oregon law known as the Compensation Act, declaring the consequences resulting from its rejection in these words, "Such employer shall be entitled to none of the benefits of this Act, and shall be liable for injuries to or death of his workmen, which shall be occasioned by his negligence, default or wrongful act as if this act had not been passed, and in any action brought against such employer on account of an injury sustained after June 30th next following the taking effect of this act, it shall be no defense for such employer to show'that such injury was caused in whole

or in part by the negligence of a fellow servant of the injured workman, that the negligence of the injured workmen, other than his willful act, committed for the purpose of sustaining the injury, contributed to the accident, or that the injured workman had knowledge of the danger or assumed the risk which resulted in his injury," and then alleged that the defendants, availing themselves of the privilege granted them by the laws of the State, filed with the State Industrial Accident Commission of Oregon, prior to the time plaintiff received his injuries, notice that they rejected the benefits of the last-mentioned act and elected not to contribute to the Fund thereby created, nor to receive any of its benefits, thereby putting themselves within the terms relating to employers not electing to contribute to said State Industrial Accident Fund.

The complaint alleged that the plaintiff's duties as employé of the defendants required him, among other things, to remove any foreign substance which might interfere with the operation of the conveyor and conveyor belt; that, due to the improper method in which the machinery was set up and equipped, a rock or some other substance got behind the conveyor belt and was interfering with its operation, when the plaintiff, in the performance of his duties, in a careful and proper manner, went into the pit at the lower end of the conveyor to remove the foreign substance, when, by reason of the careless manner in which the machinery was set up and operated, a large rock fell from the conveyor in some manner unknown to the plaintiff, but which resulted wholly from the careless manner in which the machinery was set, equipped, and maintained, striking the plaintiff with great force, and inflicting upon him very grievious injuries, to his damage in the sum of $35,000.

The trial court held the Oregon Compensation Act inapplicable to the case, and that the action was brought under and was governed by the law of the state known as the Employers' Liability Act, and upon the conclusion of all of the evidence directed the jury to return a verdict in favor of the defendants, which was done.

The plaintiff in his testimony admitted that he was familiar with rock crushers, had helped build and operate others, and helped build the one here in question, upon the completion of which he became foreman of one of the two shifts engaged in its operation—the witness Reynolds being foreman of the other; that there should have been a covering around the conveyor belt to guard against the falling of rock, which was practicable—the witness saying: "We put up protection on one at Cold Spring; put a long footboard up along at the bottom." The plaintiff also testified that a projecting piece of timber also caused the rock to fall, and the court asked him:

"Could you have made the correction by removing that timber? A. Yes; I could have, I guess.

"You had authority to do that? A. Well, I don't know whether I had authority to do it; yes.

"But you say you could have done it? A. If I had had time.

"Couldn't you stop the machinery and do it? A. Well, Mr. Bauers was there, and he put a man there a couple of times to hew out under this timber; just left it there."

Wm. P. Lord and A. I. Moulton, both of Portland, Or., for plaintiff in error.

Senn & Recken, of Portland, Or., for defendants in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). Sections 6785, 6786, 6787, and 6790 of the Employers' Liability Act (Or. L.) contain, respectively, these among other provisions:

"All owners, contractors, subcontractors, corporations or persons whatsoever * * * having charge of, or responsible for, any work involving a risk or danger to the employees or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices.

"The manager, superintendent, foreman or other person in charge or control of the construction or works or operation, or any part thereof, shall be held to be the agent of the employer in all suits for damages for death or injury suffered by an employee.

"It shall be the duty of owners, contractors, subcontractors, foreman, architects or other persons having charge of the particular work, to see that the requirements of this act are complied with, and for any failure in this respect the person or persons delinquent shall, upon conviction of violating any of the provisions of this act, be fined not less than ten dollars, nor more than one thousand dollars, or imprisoned not less than

ten days, nor more than one year, or both, in the discretion of the court, and this shall not affect or lessen the civil liability of such persons as the case may be. * * *

"The contributory negligence of the person injured shall not be a defense, but may be taken into account by the jury in fixing the amount of the damage."

The rulings of the trial court regarding the Oregon Compensation Act were in accordance with the decision of the Supreme Court of the state in the case of Olds v. Olds, 88 Or. 209, 171 P. 1046. As will have been seen, section 6787 of the Oregon Laws expressly declares it to be the duty of the "owners, contractors, subcontractors, foreman, architects, or other persons having charge of the work" in question to see that the Employers' Liability Act is complied with. That duty is by the statute distinctly placed upon each of those specifically mentioned, and all other persons having charge of the particular work, in precisely the same way and to precisely the same extent. Neither the owners nor the superintendent are by the statute made any more responsible for the construction or operation of the particular structure in question than the foreman. The duty so imposed upon each can no more be delegated by the one than by the other. Such being the statute of the state, the courts are bound by it. The Oregon cases cited by Judge Wolverton seem to us to sustain that view. Hoag v. Washington-Oregon Corp., 75 Or. 588, 144 P. 574, 147 P. 756; Harvey v. Corbett, 77 Or. 51, 150 P. 263; Malloy v. Marshall-Wells Hardware Co., 9 Or. 303; Davis v. Payne, 108 Or. 72, 216 P. 195. And much to the same effect are the cases of Richards v. Fleming Coal Co., 104 Kan. 330, 179 P. 380, and Frese v. Chicago, Burlington & Quincy R. R. Co., 290 Mo. 501, 235 S. W. 97; the latter being approved by the Supreme Court of the United States in 263 U. S. 1, 44 S. Ct. 1, 68 L. Ed. 131.

In that case the statute which controlled the case was one of the state of Illinois, which required "all trains running on any railroad in this state, when approaching a crossing with another railroad upon the same level, or when approaching a swing or draw bridge, in use as such, shall be brought to a full stop before reaching the same, and within eight hundred (800) feet therefrom, and the engineer or other person in charge of the engine attached to the train shall positively ascertain that the way is clear and that the train can safely resume its course before proceeding to pass the bridge or crossing." In deciding the case, the Supreme Court said: "Moreover, the statute makes it the personal duty of the engineer positively to ascertain that the train can safely resume its course. Whatever may have been the practice, he could not escape this duty, and it would be a perversion of the Employers' Liability Act (Act April 22, 1908, c. 149, § 3, 35 Stat. 65, 66) to hold that he could recover for an injury primarily due to his failure to act as required, on the ground that possibly the injury might have been prevented if his subordinate had done more. See Great Northern Ry Co. v. Wiles, 240 U. S. 444, 448. If the engineer could not have recovered for an injury, his administratrix cannot recover for his death. Michigan Central R. R. Co. v. Vreeland, 227 U. S. 59, 70."

The judgment is affirmed.