Argued January 17, affirmed February 5, 1929.

SELDON COOMER *v.* SUPPLE INVESTMENT COMPANY.

(274 Pac. 302.)

For appellant there was a brief over the names of *Mr. L. E. Crouch* and *Mr. F. S. Senn,* with an oral argument by *Mr. Senn.*

For respondent there was a brief over the name of *Messrs. Lord & Moulton,* with an oral argument by *Mr. Wm. P. Lord.*

COSHOW, C. J.—1. Defendant does not insist in its brief on the alleged errors of the court in ruling on the testimony. Defendant insists earnestly, however, on its assigned error based on the court's denying its motion for a directed verdict. Its argument in that behalf is that there is no evidence tending to show that defendant had any knowledge of the defective condition of the runway or hoist. It cites a number of authorities supporting its contention but none of those authorities is from the courts of this state. The rule of law is well established in this state that

an employer must exercise every care and precaution practicable to use for the safety of life and limb of its employees and the public: Or. L., § 6785. Said Section is a part of the law known as the Employers' Liability Act (Or. L. §§ 6785–6791). The law requires an employer to exercise every reasonable care and precaution requisite to protect its employees and others having a duty or a legal right to be on the premises of the employer from injury: *Rorvik* v. *North Pac. Lbr. Co.,* 99 Or. 58 (190 Pac. 331, 195 Pac. 163); *Turnidge* v. *Thompson,* 89 Or. 637, 646 (175 Pac. 281); *Clayton* v. *Enterprise Electric Co.,* 82 Or. 149 (161 Pac. 411); *Morgan* v.*`Bross,* 64 Or. 63 (129 Pac. 118); *Cauldwell* v. *Bingham & Shelley Co.,* 84 Or. 257, (155 Pac. 190, 163 Pac. 827); *Pacific States Lbr. Co.* v. *Bargar,* 10 Fed. (2d) 335. Rulings of the courts of other jurisdictions and principles stated by text-writers based on other statutes than our own are not pertinent.

2. The instruction requested by defendant and refused by the court contained this language:

"But even though you should find there were protruding nails or spikes, that fact alone would not be sufficient to entitle plaintiff to recover. We must go further, and not only satisfy you by a preponderance of the evidence these nails and spikes were protruding, but that defendant company knew, or ought to have known it by the exercise of ordinary care."

What we have said above is equally applicable to defendant's contention regarding this requested instruction. The court did not err in refusing to give that instruction.

3. The instructions given by the court and excepted to were properly given. They cover a correct statement of the law regarding defendant's liability for

defects in the hoist and runway. They also covered the liability of defendant toward the plaintiff. It is contended by defendant that it would not be liable to plaintiff because he was not an employee of the defendant. Plaintiff was an employee, however, of a customer of defendant and was on the premises of defendant using its appliances while lawfully engaged in his occupation. Plaintiff is therefore under the protection of the Employers' Liability Act: *Rorvik* v. *North Pac. Lbr. Co.*, above.

4. Defendant also strenuously insists that plaintiff having accepted partial compensation from the State Industrial Accident Commission had thereby elected a remedy and could not now maintain this action. Passing without deciding the question whether or not defendant is entitled to raise that question without pleading in abatement, defendant's position is untenable. This court has also ruled upon that identical question and we decline to re-examine it: *Hicks* v. *Peninsula Lumber Co.*, 109 Or. 305 (220 Pac. 133).

5, 6. It has also been ruled in this state that whether or not certain work is hazardous is a question of fact: *Wolsiffer* v. *Bechill*, 76 Or. 516 (146 Pac. 513, 149 Pac. 533); *Bottig* v. *Polsky*, 101 Or. 530 (201 Pac. 188). The same rule has been made upon the question whether or not any additional care should have been taken for the protection and safety of life and limb without materially destroying the usefulness of the appliances in use: *Yovovich* v. *Falls City Lumber Co.*, 76 Or. 585, 149 Pac. 941. The jury decided both said questions under proper instructions. We find no error and the judgment is affirmed.

AFFIRMED.

BEAN, BROWN and BELT, JJ., concur.