Argued February 1; affirmed February 6, 1934

# WALTER *v.* TURTLE
(29 P. (2d) 517)

[1]

Mark V. Weatherford, of Albany (Senn & Recken, of Portland, and Jay L. Lewis, of Corvallis, on the brief), for appellant.

A. K. McMahan, of Albany, and Geo. W. Denman, of Corvallis, for respondent.

CAMPBELL, J. This is an action for personal injuries.

The conceded facts are about as follows: The Oregon State College operates three farm experimental stations within a radius of seven or eight miles of Corvallis. These stations were furnished with the usual equipment found on a farm such as farm machinery, wagons, workhorses, etc. Occasionally part of the equipment of one station is transferred over the public highway for temporary use to another station. It and its employees operated under the Workman's Compensation Act. On June 9, 1932, plaintiff was employed as a common laborer of said college to work at its experimental station. Occasionally he drove a team. On that day, in the course of his employment, he was driving south towards Corvallis, a team hitched to a farm wagon belonging to his employer, on the public highway for the purpose of delivering the team and wagon to another station. When he reached a point about one mile north of Corvallis, the defendant, a health nurse in the employ of Benton county, was driving an automobile in the same direction as plaintiff was travelling. In attempting to pass plaintiff, the negligent manner in which she operated her automobile caused it to collide with the wagon being driven by plaintiff, causing plaintiff to be thrown therefrom to the pavement and severely injuring him.

Plaintiff filed his claim with the State Industrial Accident Commission for compensation for said in-

juries. Before the said claim was allowed, and before he received any compensation therefrom, and before bringing this action, he notified said commission that he elected to seek his remedy against the third person, defendant herein. In his complaint filed herein, there was no allegation that he and his employer were operating under the Workman's Compensation Act. Neither did he make any allegation of his election to seek his remedy against defendant instead of against said commission.

Defendant, in her answer, alleged the fact that plaintiff and his employer were operating under the Workman's Compensation Act and that plaintiff had filed his claim and was compensated by the State Industrial Accident Commission. However, the evidence was clear that plaintiff never received any compensation from the State Industrial Accident Commission.

Plaintiff in his reply, admitted that he and his employer were operating under the Workman's Compensation Act and that he filed his claim for compensation for said injury with the State Industrial Accident Commission, and further alleged that before bringing this suit he notified the State Industrial Accident Commission of his intention to seek his remedy against the person whose negligence caused his injury, this defendant.

At the proper time defendant moved for an involuntary non-suit and again, when the evidence was all submitted and both plaintiff and defendant rested, the defendant moved for a directed verdict against the plaintiff on the grounds: (1) That the evidence showed that the injuries occurred at the plant of his employer; (2) that plaintiff is in the employ of the Oregon State College and defendant is in the employ of Benton

county, both employers being political subdivisions of the state and the employees of both receive their compensation from a common source and are therefore in the same employ; (3) that the complaint does not state facts sufficient to constitute a cause of action in that plaintiff in his complaint did not allege that he made his election to seek his remedy against a third party and not against the State Industrial Accident Commission; (4) that plaintiff's exclusive remedy is against the State Industrial Accident Commission; (5) that plaintiff did not allege in his complaint that his injury did not occur away from the plant of his employer.

Thereupon, the plaintiff moved for a directed verdict against defendant. The court denied the motion of defendant and granted the motion of plaintiff and directed a verdict for plaintiff in the sum of $7,500 which verdict the jury returned and judgment was entered thereon. Defendant appeals.

The questions raised by defendant on this appeal are: (1) Did the injury complained of occur at the plant of his employer? (2) Were the plaintiff and defendant, at the time of the accident, in the services of the same employer within the meaning of the Workman's Compensation Act? (3) Where the statute takes away the employee's right of action and confines his remedy for compensation for injuries arising in the course of his employment, to the Workman's Compensation Act, except where his injury is caused by a third person not a fellow employee and away from the plant of his employer, is it necessary for him to allege in his complaint facts that bring his cause within the exception?

■ Plaintiff was employed as a common laborer to work at the experimental stations. On the day of the

accident he was taking a team and wagon from the station at Corvallis to another station about six miles north of Corvallis where he would deliver it to the employees of that station. The public highway, one mile away from the station where he worked, cannot be considered as a part of the station plant notwithstanding the fact that plaintiff had a part of the equipment with him, no more than it could be considered a part of the plant of a sawmill located in Corvallis and occasionally used in delivering lumber at some point along the highway by the teams belonging to such sawmill driven by its employees. When a farmer sends his hired man to town with a truck which is a part of his farm equipment, he does not thereby send his plant to town. The highway where the injury to plaintiff occurred was not under the control of his employer. Any one else, lawfully travelling on the highway had as much control over it as plaintiff's employer. The mere fact that plaintiff had a part of the plant equipment of the station where he was employed with him, at the time of the accident, does not mean that he was still at the plant. *King v. Union Oil Company,* 144 Or. 655 (24 P. (2d) 345).

Generally speaking, the plant of the employer may be said to be the machinery, tools and equipment as well as the place where such machinery, tools and equipment are operated in carrying on the business in which he is engaged. Funk & Wagnall's New Standard Dictionary defines a plant as: "A set of machinery, tools, etc., necessary to conduct a mechanical business: often including the building and grounds, * * *."

"Plant means the fixtures, tools, apparatus, appliances, etc., necessary to carry on any trade, mechanical operation or process." 6 Words and Phrases, 1st

Series, 5400; 3 Bouvier's Law Dictionary, 2597 (3d Ed.).

"The word 'plant' is variously defined. Webster's New International Dictionary defines it as follows:

" '(a) The machinery, apparatus, fixtures, etc., employed in carrying on a trade or a mechanical or other industrial business, as, an electric light plant, a fishing plant, etc. In the commercial sense, a plant may include real estate and all else that represents capital invested in the means of carrying on a business, exclusive of the raw material or the manufactured product.

" '(b) A workshop or other apparatus complete; as a bicycle plant.'

"If one were to lose sight of the purposes of the act and construe the word 'plant' strictly, he might, under some definitions, and possibly under this definition, say that it included the street railway tracks as a part of the plant of the operating company. But a liberal construction, having in mind the purposes of the act and the necessity of giving full force to the proviso, leads to the conclusion that the Legislature never intended that the term 'plant' should include more than that part of the employer's fixed property over which he has exclusive control, and cannot be applied to a public street or highway, though occupied by the employer for certain purposes, over which the general traveling public have at least equal rights with the employer, and over which the employer has no oversight or method of protecting the employee from the negligent or wrongful acts of third persons." Carlson v. Mock, 103 Wash. 557 (173 P. 637).

■ It would be a strained construction to give to the meaning of words to hold that a person hired by a county, working for a county and under the exclusive direction of a county, was in the same employ as one working for the Oregon State College under its exclusive control and direction. The fact that the county and college are different political subdivisions of the

state of Oregon could not make the employees of one institution fellow servants with the employees of the other, nor do the employees of the county and of the college receive their compensation from a common source.

█ ''* * * that if the injury to a workman occurring away from the plant of his employer is due to the negligence or wrong of another not in the same employ, the injured workman, * * * shall . elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit, and if he elects to take under this act the cause of action against such third person shall be assigned to the state Industrial accident commission for the benefit of the accident fund. If the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected and the compensation provided or estimated by this act for such case. * * *'' Oregon Code 1930, § 49-1814.

The undisputed facts are that plaintiff made his election prior to bringing this suit, that his claim filed with the State Industrial Accident Commission was never acted upon, that he received no compensation whatever under said claim.

''Defendant contends that the award of two weeks' compensation to plaintiff by the Commission, and his receipt and acceptance of the sum so awarded, together with payment by the Commission of nurse hire for plaintiff, constituted an election by plaintiff to take under the act, and without further action by plaintiff, worked an assignment of his right of action against the defendant to the state for the benefit of the accident fund.

''In conformity with the general rule applicable where a party is required to make an election between alternative remedial rights, the election which an injured workman is required to make under the provisions of Section 6616, Or. L., [Oregon Code 1930, § 49-1814] will not be presumed where the workman

has acted in misapprehension of his legal rights and in ignorance of his obligation to make an election, especially when as in the instant case, no other person's rights have been prejudicially affected thereby; Rehfield v. Winters, 62 Or. 299 (125 Pac. 289) ; Oregon Mill & Grain Co. v. Hyde, 87 Or. 163, 174 (169 Pac. 791) ; Iltz v. Krieger, 104 Or. 59 (202 Pac. 409, 206 Pac. 550).'' Hicks v. Peninsula Lumber Company, 109 Or. 305 (220 P. 133) ; Coomer v. Supple Investment Company, 128 Or. 224 (274 P. 302) ; Lutz v. Blackwell, 128 Or. 39 (273 P. 705).

''Our statute, creating the State Industrial Accident Commission, clauses of which have hereinbefore been quoted, does not proclaim any presumption in favor of or against the employer or any other person, and hence it was unnecessary to allege in the complaint herein that the defendant, prior to the injury, had declared his election, in the manner prescribed, not to contribute to the Industrial Accident Fund. The act last referred to confers a special privilege upon an employer thereby releasing him from the common-law liability to respond in damages for a personal injury that has been caused by his negligence, unless he formally renounces the benefits thus bestowed, and such enactment, like the statute of limitations or other bar raised by the legislature to the maintenance of a common-law action must be set up as new matter in the answer, unless the fact affirmatively appears upon the face of the complaint, which defense a plaintiff is not obliged to anticipate as a condition precedent to the right to maintain his action.'' Olds v. Olds, 88 Or. 209 (171 P. 1046). See also Columbia Digger etc. v. Ross Island Sand and Gravel Company, 145 Or. 96 (25 P. (2d) 911).

It would serve no useful purpose to review all the cases cited by learned counsel for appellant. A careful reading and analysis will show that they are not out of harmony with the principles herein announced.

The judgment of the circuit court is affirmed.

RAND, C. J., BEAN and BAILEY, JJ., concur.