### GONZALEZ v. PACIFIC FRUIT EXPRESS CO.

No. 912.

United States District Court
D. Nevada.

Sept. 7, 1951.

Ryan & Ryan, William E. Barden, and Robert J. Smith, all of San Francisco, Cal., J. T. Rutherford, Reno, Nev., for plaintiff.

R. Mitchell S. Boyd, and Dunne, Dunne & Phelps, all of San Francisco, Cal., John S. Belford, Reno, Nev., for defendant.

FOLEY, District Judge.

Defendant moves to dismiss upon the ground that the cause of action, if any, alleged in plaintiff's complaint, accrued more than three years prior to the commencement of this action and is, therefore, barred by the Nevada statute of limitations, § 8524, 1929 N.C.L., "* * * Within three years: 1. An action upon a liability created by statute, other than a penalty or forfeiture. * * *"

At the hearing of this motion, counsel for defendant consented that the complaint could be amended so as to contain an allegation in Paragraph I thereof that the plaintiff was at all the times mentioned in the complaint and now is a citizen of the State of Nevada. Such amendment may be made by interlineation.

In Paragraph II of his complaint, plaintiff alleges "that on or about the 27th day of January, 1947, * * * plaintiff was employed by defendant at its icing plant at Carlin, Nevada; that at said time and place defendant had in its office at said icing plant a flamo-gas heater; that defendant was guilty of carelessness and negligence in the care and maintenance of said heater; that as a proximate result of said carelessness and negligence, when plaintiff, in the course and scope of his employment, attempted to light said heater, said heater exploded and inflicted upon him the following injuries * * *." Then follows a statement of the nature of the alleged injuries.

In Paragraph III, plaintiff alleges "that on the date of said accident, defendant had no Workmen's Compensation Insurance coverage with the Industrial Commission of the State of Nevada; that under the laws of said State when an employer fails to obtain insurance coverage with the Industrial Commission of the State of Nevada, and if an employee is injured in the course and scope of his employment with the employer due to the negligence of the employer or any of its servants or agents, then an employee under said circumstances is entitled to bring a suit at law for damages for any personal injuries so sustained by him; that under said circumstances the employee's injuries are presumed to be due to the negligence of the employer."

If a cause of action exists against defendant, said cause of action accrued January 27, 1947, the date of the alleged injury. The complaint herein was filed December 18, 1950.

At the hearing, Mr. R. Mitchell S. Boyd, of counsel for the defendant, stated: "* * * This is an action by an employee of the Pacific Fruit Express, which company has not complied with the Workmen's Compensation Act in the State of Nevada. It has elected to remain outside of the Act, * * *."

It is plaintiff's contention that by virtue of defendant's rejection of the Nevada Industrial Insurance Act, plaintiff may bring an action under and have all the benefits provided by § 2680, 1929 N.C.L.1941 Supp. The applicable portions of § 2680, 1929 N.C.L.1941 Supp., § 1 of the Act, are as follows:

"* * * (b) If an employer having the right under the provisions of this act to accept the terms, conditions and provisions thereof, shall fail to accept the same, as herein provided, every such employer shall be deemed to have rejected the terms, con-

ditions, and provisions thereof, and in such case such employer shall not escape liability for personal injury by accident sustained by an employee of such employer when the injury sustained arises out of. and in the usual course of the employment, because:

"(1) The employee assumed the risks inherent or incidental to, or arising out of, his or her employment; or the risks arising from the failure of the employer to provide and maintain a reasonably safe place to work, or the risks arising from the failure of the employer to furnish reasonably safe tools or appliances, or because the employer exercised reasonable care in selecting reasonably competent employees in the business;

"(2) That the injury was caused by the negligence of a coemployee;

"(3) That the employee was guilty of contributory negligence, unless and except it shall appear that such negligence was willful and with intent to cause the injury, or the result of intoxication on the part of the injured party;

"(4) In actions by an employee against an employer for personal injuries sustained, arising out of and in the course of the employment where the employer has rejected the provisions of this act, it shall be presumed that the injury to the employee was the first result, and growing out of the negligence of the employer, and that such negligence was the proximate cause of the injury; and in such case the burden of proof shall rest upon the employer to rebut the presumption of negligence.

"(c) Every such employer shall be conclusively presumed not to have elected to provide, secure and pay compensation to employees for injuries sustained arising out of and in the course of the employment according to the provisions of this act, unless and until notice in writing of an election to accept shall be given to the Nevada industrial commission, * * *."

Sec. 2683, 1929 N.C.L., § 3 of the Act, is as follows:

"§ 3. (a) The rights and remedies provided in this act for an employee on account of an injury shall be exclusive of all other rights and remedies of such employee, his personal or legal representatives, dependents or next of kin, at common law or otherwise on account of such injury; all employees affected by this act shall be conclusively presumed to have elected to take compensation in accordance with the terms, conditions and provisions of this act until notice in writing shall have been served upon his employer; and also on the Nevada industrial commission, with return thereon by affidavit showing the date upon which notice was served upon the employer.

"(b) In the event that such employee elects to reject the terms, conditions and provisions of this act, the rights and remedies thereof shall not apply where an employee brings an action or takes proceedings to recover damages or compensation for injuries received growing out of and in the course of his employment, except as otherwise provided by this act; and in such actions where the employee has rejected the terms of this act the employer shall have the right to plead and rely upon any and all defenses including those at common law, and the rules and defenses of contributory negligence, assumption of risk and fellow servant shall apply and be available to the employer unless otherwise provided in this act; * * *."

Defendant does not and could not successfully contend that an employer who has rejected the Act is not liable for an injury to a servant for personal injury sustained through the negligence of the employer when the injury sustained arises out of and in the usual course of the employment. The existence of such liability independent of the Act is recognized in the Act itself by the provision that an employer who fails to accept the Act shall be deemed to have rejected the same, and "such employer shall not escape liability for personal injury by accident sustained" * * *." § 2680, 1929 N.C.L.1941 Supp. The action here is based upon such an independent liability and not upon any liability created by the Act. No Nevada case dealing with the point urged here has been called to the Court's attention and the only case to which reference has been made bearing upon the question is the case of

Peterson v. Sorensen, 91 Utah 507, 65 P. 2d 12, cited by plaintiff.

It is defendant's contention that plaintiff's right of action is created by statute, the Nevada Industrial Insurance Act, and therefore within the provisions of the statute of limitations covering liabilities created by statute.

 Judge O'Connor in Abram v. San Joaquin Cotton Oil Co., D.C.S.D.Cal., Central Div., 46 F.Supp. 969, had occasion to define the term "liability created by statute." On page 976 of 46 F.Supp., he states: "[17, 18] In the above cases although the subject matter of the litigation was different, the reasoning is the same. 'The phrase "liability created by statute" means a liability which would not exist but for the statute. * * *' 37 C.J. 783, § 123. 'Where a duty exists only by virtue of a statute, or an obligation to pay is fixed in the act itself, the obligation is one created by statute.' 16 Cal.Jur. 473."

Construing a statute which for purposes here may be said to be identical with the Nevada statute, the Supreme Court of Utah in Peterson v. Sorensen, on page 17 of 65 P.2d, stated: "[4, 5] It will doubtless be conceded that unless relieved by the Industrial Act, the employer remains liable for his negligent injury of his employee. There is nothing in the language of section 42-1-57, supra, or elsewhere in the act, which expressly or by necessary implication deprives an employee of his common-law action against a noncomplying employer for injuries sustained by the former on account of the negligence of the latter. On the contrary, those provisions of the act which deprive the noncomplying defendant employer of the defenses of the fellow-servant rule, assumption of risk, and contributory negligence, and cast upon him the burden of showing freedom from negligence, are calculated to enlarge rather than to restrict the right of the employee to recover for injuries sustained by him on account of the negligence of the employer. If, in an action by an employee against a noncomplying employer, the former assume and successfully maintain all of the burdens of a common-law action necessary to recover judgment, it is clear that the employee would be entitled to a judgment against the employer notwithstanding the provisions of the Industrial Act. That is to say, the employee is not required to rely on the Industrial Act at all as a basis for recovery against a noncomplying employer. The essence of the cause of action alleged by plaintiff is that he was injured by defendant's negligence. The mere fact that the Industrial Act contains provisions which make it less burdensome for plaintiff to establish his claim and take from defendant certain defenses does not justify the conclusion that the cause of action is one created by statute. * * * We are of the opinion that this action is not barred by the one-year statute of limitation and that, therefore, the action should not be dismissed."

 The citation by defendant of Stornelli v. United States Gypsum Co., 2 Cir., 134 F.2d 461, illustrates, in the opinion of the Court, defendant's failure to distinguish between cases based upon liabilities arising from negligence and liabilities created by statute. In that case Judge Learned Hand, speaking for the Court of Appeals, Second Circuit, pointed out that § 417 of the Labor Law of New York, McK.Consol. Laws, c. 31, on which the action was based, created a liability for failure to comply with the provisions of said § 417 among which were that "An air current sufficient to remove smoke and noxious gases and to insure the safety of every employee shall be conducted along every passageway and working place", in certain mines; and the Judge held that the statute of limitations having to do with liabilities created by statute applied and that said § 417 of the Labor Law had nothing to do with negligence and that the statute of limitations covering actions to recover damages for personal injury resulting from negligence was not applicable. In the case at bar, the action is based upon a charge of negligence and a liability for negligence is clearly not a liability created by statute. State ex rel. Woods v. Hughes Oil Co., 58 N.Dak. 581, 226 N.W. 586, cited by defendant, likewise illustrates the distinction between a liability created by statute and the liability here

growing out of the alleged negligence of the defendant.

The right of action asserted by plaintiff is not an action based upon a liability created by statute, other than a penalty or forfeiture. That portion of § 8524, 1929 N.C.L.; providing that an action upon a liability created by statute, other than a penalty or forfeiture can only be commenced within three years has no application here.

Now, therefore, it is hereby ordered, adjudged and decreed that defendant's motion for an Order dismissing the above entitled action be, and the same hereby is, denied, and

It is further ordered that defendant serve its answer to plaintiff's complaint within twenty (20) days from the date hereof.