Argued February 26, reversed with directions April 2, 1952

# FOX *v.* ROYCE ET AL.

242 P. 2d 190

*Norman L. Easley,* of Portland, argued the cause for appellants. With him on the brief were Griffith, Phillips & Coughlin, of Portland.

*Ernest J. Burrows,* of Portland, argued the cause for respondent. With him on the brief was George Layman, of Newberg.

LATOURETTE, J.

This is an appeal by defendants from an order setting aside the verdict in their favor and granting plaintiff a new trial.

Defendants have submitted a number of assignments of error. This opinion turns on the following:

"Under all of the evidence, plaintiff was guilty of contributory negligence as a matter of law, and this court should enter judgment for the defendants.", and it will, therefore, be unnecessary to consider the others. At the end of plaintiff's case, defendants moved for a nonsuit, and, at the conclusion of the taking of the evidence, defendants moved for a directed verdict, both motions being based on the proposition that there was no evidence of defendants' negligence, and that plaintiff was guilty of contributory negligence as a matter of law. Both motions were denied. Defendants in their answer charged contributory negligence on the part of the plaintiff in that, "He failed to keep and maintain a proper or any lookout for his own safety."

The facts follow: Plaintiff Fox had been in the meter repair business in Portland since 1920 and had been under contract to service and repair all meters in the cabs owned by the defendant, Yellow Cab Company, from 1940 up to the date of the accident. Plaintiff performed his work on the company's premises, the repair shop being in the northeast corner of the building. On the morning of July 17, 1947, he entered defendants' premises to engage in his repair work on one of defendants' cabs. There were three parallel hydraulic hoists in the company's shop, all facing the east wall of the building, which were used by mechanics in making repairs to taxicabs. The hoists were about eight feet apart and about eight feet from the east wall of the building. Next to the east wall were mechanics' workbenches, and there were windows above these benches.

The cab upon which plaintiff was to work was located over the middle hydraulic hoist, the hoist at that time not being elevated. Plaintiff entered the cab, reclining on the front seat with his feet projecting

southerly from the right front door and his head being under the dashboard from where he proceeded to repair the meter. Shortly thereafter he sat in a more or less upright position and noticed that his cab had been elevated some six feet in the air. It is undisputed that defendant Irwin raised the cab in order to make some repairs on it. Plaintiff testified that there was no running board on his cab, and that as he looked down he saw mechanic Hall standing at the head of the cab on which he was about to work which was on the south hoist next to him and flush with the floor. Plaintiff did not see Irwin but called out, ''Hey, let me down out of here.'' He heard laughter and assumed that a joke was being played on him. Plaintiff then lay back down on the seat and completed his work. While he was engaged in the second phase of his work, Hall's cab was elevated on the south hoist to a position directly across from the cab in which plaintiff was working so that work could be done on it. After plaintiff had completed his work, which, in all, took about ten minutes, he raised his body on the seat, looked across to the Hall cab, assumed that he was on the floor and slid out of the cab without looking further. He fell some six feet to the concrete floor, causing the injuries complained of. The accident happened early in the morning while it was daylight, and the place was well lighted. There was evidence that the operation of raising and lowering the hoists was noiseless.

In regard to the hoists, plaintiff testified as follows:

''Q Had you ever seen a car raised or lowered on the hoist?

''A Oh, yes.

''Q More than once?

''A Yes.

'' * * * * *

"Q And I believe that you must have known then that their [mechanics] work did necessitate using hoists from time to time? You knew that?

"A Yes.

"\* \* \* \* \*

"Q Now, isn't it a fact, Mr. Fox, that you knew that the adjoining cab, the one that you looked at, you knew, did you not, that it was on that hoist for a purpose?

"A Surely.

"\* \* \* \* \*

"A \* \* \* I have never been up in a car working on a meter working on a hiost, but I have raised a car up to get at a cable drive underneath the car."

As to plaintiff's movements at the time of the accident, we quote from his evidence:

"Q What did you do when the job was finished, Mr. Fox?

"A I stepped out of the cab. It all happened so quick. I looked over and saw the other car sitting right beside me.

"\* \* \* \* \*

"Q \* \* \* You didn't look at the floor before you attempted to get out?

"A Oh, I didn't bend over and look at the floor, no, because I figured I was about four inches from it, and if you were sitting on the edge of the seat and had just, have about four inches to step, and I was — — — —

"\* \* \* \* \*

"Q But in any event you didn't stick your head out of the cab to see where you were.

"A No, I just stepped out, because I knew I was on the floor.

"Q Well, then, I take it that you didn't look at anything but the cab which was across the way

from you before you started to get out when your job was finished?

"A Well, I was busy, and I just naturally looked and saw the cab there, and I thought I was on the floor and stepped out.

"* * * * *

"Q And if you had looked out and down before you stepped out, you would have seen the floor then, isn't that correct?

"A I imagine.

"Q And if your eyesight is good, why, you could have seen the floor if you had looked?

"A Absolutely."

As to plaintiff's knowledge of his surroundings, we have the following testimony:

"Q Now then, do you recall, Mr. Fox, about the benches onto the north side of the building, the work benches? Do you remember seeing those on the north side of the building that I have indicated on the map over there?

"A North side? You mean east side?

"Q East side. I am sorry.

"A East side.

"Q And you remember seeing those there?

"A Yes, absolutely.

"Q And they are right on to the east of the hoist?

"A Yes.

"Q How high would you say that they were, some three feet or so?

"A The work benches?

"Q Yes, the work benches.

"A I imagine ordinary height, as high as one of those tables (indicating).

"Q At least this high (indicating)?

"A I imagine so. I never measured them.

"Q Some three feet or so, roughly?

"A I imagine.

"Q And now, do you recall those windows over the benches?

"A Absolutely.

"Q Do you recall how many windows there were over the benches?

"A No.

"Q But in any event—

"A (interrupting) I think they were twelve-inch windows. They are in a steel frame, and they can let them in or out."

■■ It is a well-settled rule of law that, if the negligence of the plaintiff proximately contributed in the slightest degree to the injury complained of, he will not be allowed to recover. It is true that contributory negligence is ordinarily for the jury, and only in exceptional cases has the court been warranted in determining such issue as a matter of law. The rule is well-stated by Mr. Justice Bailey in *Martin v. Harrison*, 182 Or 121, 137, 180 P2d 119, 186 P2d 534, as follows:

"In passing upon defendant's motion for a non-suit and for a directed verdict, we must consider the evidence in the light most favorable to plaintiff. It is elementary law that contributory negligence becomes a question of law when, and only when, from the facts, reasonable men can draw but one inference and that inference points unerringly to the negligence of plaintiff contributing to the injury. In all other cases the question of contributory negligence is one of fact for the jury. The question whether plaintiff has been guilty of contributory negligence which will defeat his recovery for injuries sustained in an accident is generally one for the jury."

■ In deciding whether plaintiff was guilty of contributory negligence as a matter of law, the court, in considering the evidence, must measure the conduct of plaintiff by the standard of care that an ordinarily

prudent person would have exercised under the same circumstances. *Whistler v. U. S. Nat. Bank of Portland,* 160 Or 10, 82 P2d 1079.

In *Pritchard v. Terrill,* 189 Or 662, 666, 222 P2d 652, we said:

"Ordinarily, the question of contributory negligence on the part of the plaintiff resolves itself into a question of fact of which the jury is the sole arbiter; however, where the court can say that ordinarily intelligent, reasonable and fairminded men would not and ought not to believe that the plaintiff was acting as an ordinarily prudent person would have acted under the circumstances, the question of plaintiff's contributory negligence is for the court rather than for the jury."

■ One who receives an injury is bound by what he knew, or might have known, by the exercise of ordinary care. *Cerrano v. Portland Ry. L. & P. Co.,* 62 Or 421, 427, 126 P 37.

■ "The law imposes upon a person sui juris the obligation to use ordinary care for his own protection, the degree of which is commensurate with the danger to be avoided." *Carroll v. Grande Ronde Elec. Co.,* 47 Or 424, 442, 84 P 389.

In *Rice v. City of Portland,* 141 Or 205, 214, 7 P2d 989, 17 P2d 562, we read:

" * * * The plaintiff may be negligent in exposing himself to known dangers or dangers which he should know. * * * The rule that contributory negligence is a bar to an action for personal injuries is based upon the well established principle of the law of torts that no one is entitled to recover an indemnity for an injury of which his own want of care was, either wholly or partially, the efficient cause."

■ In his brief plaintiff urges that even if he knew of his peril in being elevated on the hoist he did not

appreciate the seriousness of his predicament, quoting from 38 Am Jur, Negligence, 864, § 188, as follows:

> "* * * A plaintiff's knowledge of the physical characteristics of the offending instrumentality or condition does not, in itself, constitute contributory negligence. Moreover, it is the appreciation of, or the opportunity to appreciate, the peril in an instrumentality or condition, rather than a knowledge of its physical characteristics, that bars a plaintiff of recovery for negligence."

And, in any event and under the circumstances, whether or not he appreciated his danger was a jury question. The rule stated by plaintiff is a proper statement of the law, but we are of the opinion that the facts conclusively establish that he either appreciated his danger, or should have, under the circumstances. From the evidence, it appears that he did not do one blessed thing for his own protection other than to look across at the south cab. He knew full well that such cab was on the hoist and might be raised momentarily. When he sat up in the cab the second time, there was nothing to have prevented him from looking at the floor, at the benches or at the windows, or the other familiar objects with which he had become acquainted over a period of seven years. Plaintiff's conduct does not even show slight diligence. His negligence was the proximate cause of his injury.

In vol. 1 (rev ed) of Shearman and Redfield, Negligence, 258, § 109, we read:

> "The rule denying a right of action for negligence, in cases in which the plaintiff, by simply looking, would have avoided the injury, is one of wide application. Thus, one who, in consequence of not looking, steps over the edge of a sidewalk, or a hoist-way, or otherwise fails to use proper

watchfulness, cannot recover for such injuries. But contributory negligence is not imputable to any one for failing to look out for a danger which he has no reasonable cause to apprehend.''

It is our opinion that all reasonable men could draw but one inference, and ''that inference points unerringly to the negligence of plaintiff contributing to the injury.''

■■ Although not argued on the appeal, we are of the opinion that there was no negligence established against the defendants. The only allegation of negligence that plaintiff might hang his hat on is, ''In causing the second and adjacent taxicab to be raised to a level with the taxicab in which plaintiff was working, and to mislead plaintiff and cause him to think that he had, as requested, been lowered to the floor;''. It must be remembered that defendants had a right to raise the adjoining cab in order to permit the workman to work on the same, and we do not believe that a reasonably prudent man in defendants' circumstances would have anticipated that raising the cab would mislead plaintiff into thinking that he had been lowered to the floor. To have anticipated plaintiff's accident, defendants would have been compelled to reach into the realm of imagination. They are only responsible for the ordinary consequence of their voluntary act. Negligence is not to be measured by conjecture but is determined by the yardstick of what reasonable and prudent men would do, or fail to do, under like or similar circumstances.

The court erred in setting aside the verdict of the jury in favor of defendants and the judgment based thereon. Reversed with directions to enter judgment in favor of defendants.