Argued September 22, affirmed October 7, 1953

# SHELTON *v.* PARIS

261 P. 2d 856

*William D. Green, Jr.*, of Roseburg, argued the cause and filed a brief for appellant.

*Edw. M. Murphy*, of Roseburg, argued the cause for respondent. On the brief were Yates, Murphy & Carlson, of Roseburg.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, LUSK, BRAND, and PERRY, Justices.

PERRY, J.

This is an action brought by the plaintiff under the Employers' Liability Act against the defendant to recover for personal injuries suffered by the plaintiff while in the employ of the defendant. The plaintiff's complaint generally alleges that the defendant was engaged in logging operations; that he required the plaintiff to ride upon the back of a tractor in a place de-

clared by the Industrial Accident Commission, in the interests of safety, to be prohibited; and that as a result thereof on June 28, 1948, the plaintiff was injured. The complaint was filed January 24, 1951, and the defendant demurred thereto, the principal ground therefor being that the cause of action was not brought within the two year statute of limitations: "An action * * * for any injury to the person or rights of another, not arising on contract, * * *" [§ 1-206, sub 1, OCLA]. Upon this ground the demurrer of the defendant was sustained by the trial court, the action was dismissed, and the plaintiff appeals.

Plaintiff contends that the six year statute of limitations [§ 1-204, sub 2, OCLA, as amended by ch 492, Oregon Laws 1947] is applicable as the liability is one created by statute.

The sole question before us is whether or not the Employers' Liability Act, including therein the rules and regulations of the State Industrial Accident Commission, which have the force and effect of law, creates a liability by statute. The test of "a liability created by statute" is whether or not " "* * * independent of the statute, the law implies an obligation to do that which the statute requires to be done, and whether, independently of the statute, the right of action exists for a breach of the duty or obligation imposed by the state': Wood, Limitations, § 39". *State v. Baker County*, 24 Or 141, 146, 33 P 530. This definition has been generally accepted and approved by the majority of the courts of this country. 37 CJ 783, Limitations of Actions, § 123; 25 Words and Phrases, 61, and 1953 Cumulative Annual Pocket Part.

The Employers' Liability Act [§ 102-1601, OCLA] provides that all employers engaged in "any work in-

volving a risk or danger to the employees or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices''.

Section 102-1228, OCLA, imposes upon every employer the duty to furnish the employee a safe place of employment, together with such tools, safety devices and safeguards as shall be reasonably necessary to protect the life and safety of the employee. This section in general enjoins upon an employer the same duties that were required by the common law. *Morandas v. L. R. Wattis Co.,* 71 Or 367, 142 P 537; *Hoffman v. Broadway Hazelwood,* 139 Or 519, 11 P2d 814, 10 P2d 349, 83 ALR 1008.

Section 102-1601, OCLA, enlarges the requirements of § 102-1228, OCLA, by enjoining upon every employer of labor involving work wherein there is risk or danger to the employees the added requirement that he shall use every practicable protection for the safety of his employees regardless of the additional cost of the suitable safety appliances, material, and devices, subject only as he may be limited by the necessity for preserving the efficiency of the structure, machine, apparatus or device. The statute increases the burden of the employer in hazardous occupations, but not the liability. The gist of the action is the same, that is,—liability for negligence, but no new liability is created by statute, since the liability of an employer for his negligent act toward an employee existed in the common law. The Employers' Liability Act substitutes, in hazardous

employments, a higher degree of care than the ordinary degree of care prevailing generally in the relationship between master and servant. *Coomer v. Supple Investment Co.*, 128 Or 224, 274 P 302; *Mallatt v. Ostrander Ry. & Timber Co.*, 46 F Supp 250, 252.

Employers not operating under the Workmen's Compensation Act in this state are not insurers. ''They are liable for consequences, not of danger, but of negligence * * *''; *Adams v. Corvallis & E.R. Co.*, 78 Or 117, 128, 152 P 504; *Wychgel v. States Steamship Co.*, 135 Or 475, 296 P 863; *Leavitt v. Stamp,* 134 Or 191, 293 P 414; and if engaged in a hazardous occupation, as in this case, they are deprived of certain defenses. *Parrott v. Hanson,* 180 Or 620, 175 P2d 169; *Camenzind v. Freeland Furniture Co.*, 89 Or 158, 174 P 139.

The defendant relies upon the case of *Schmidt v. Merchants Despatch Transp. Co.*, 270 NY 287, 200 NE 824, 104 ALR 450. In that case the injury to the employee arose in the course of his employment through the inhalation of dust, resulting in a disease of the lungs. The New York labor law applicable to the state of facts in that case [30 McKinney's Consolidated Laws of New York, 345, Labor Law, § 417] was as follows:

> ''An air current sufficient to remove smoke and noxious gases and to *insure* the safety of every employee shall be conducted along every passageway and working place.'' [Emphasis ours]

Judge Learned Hand of the Circuit Court of Appeals for the district court of the United States for the western district of New York in the case of *Stornelli v. United States Gypsum Co.*, 134 F2 461, 462, which was tried under the laws of the state of New York, commenting upon the case of *Schmidt v. Merchants Despatch Transp. Co.*, supra, makes the following ob-

servation, which distinguishes the labor law of the state of New York and the statutes of this and similar states as regards the Employers' Liability Act:

"\* \* \* That decision turned upon the meaning of sub. 2 and sub. 3 of § 299 of the New York Labor Law; of which the first required 'all machinery creating dust or impurities' to 'be equipped with proper hoods and pipes connected to an exhaust fan of sufficient \* \* \* power to remove such dust'; and the second required that 'suction devices shall be provided *which shall remove* \* \* \* impurities \* \* \* by means of proper hoods connected to conduits and exhaust fans.' The court held that these enactments were for the benefit of those employees who might be exposed to the danger of breathing dust, and that they 'created' a 'liability' within sub. 2 of § 48 of the Civil Practice Act, as distinguished from giving support to a finding that the employer had failed to exercise the care that he should have: i.e., been guilty of 'negligence.' [Emphasis ours]

"\* \* \* \* \* \*

"\* \* \* We need not decide whether a statute, which imposed a duty upon employers measured in the same terms that the common-law measures their duty, would 'create' a 'liability' under sub. 2 of § 48 of the New York Civil Practice Act, or whether the action would remain one 'to recover damages for \* \* \* a personal injury, resulting from negligence' under sub. 6 of § 49. Section 417 of the Labor Law has nothing to do with 'negligence' in the sense that that word is used in sub. 6 of § 49 of the Practice Act."

Judge Foley in the case of *Gonzalez v. Pacific Fruit Express Co.,* 99 F Supp, 1012, 1015, in construing the Nevada Statute of Limitations with reference to an Employers' Liability Act, which to all intents and purposes is similiar to the Employers' Liability Act of

this state, in commenting upon the case of *Stornelli v. United States Gypsum Co.*, supra, relied upon by plaintiff, says:

> "The citation by defendant of Stornelli v. United States Gypsum Co., 2 Cir., 134 F.2d 461, illustrates, in the opinion of the Court, defendant's failure to distinguish between cases based upon liabilities arising from negligence and liabilities created by statute * * * 'An air current sufficient to remove smoke and noxious gases and *to insure* the safety of every employee shall be conducted along every passageway and working place', in certain mines; and the Judge held that the statute of limitations having to do with liabilities created by statute applied and that said § 417 of the Labor Law had nothing to do with negligence * * *." [Emphasis ours]

It is the plaintiff's contention that the act of the Industrial Accident Commission in establishing rule 5.20 of its Logging Safety Code, effective as of October 25, 1944, providing as follows:

> "Riding on arches, reaches, turn of logs, or on any part of a tractor except in the driver's seat is prohibited."

is equivalent in its effect to the legislative enactment of the state of New York. Section 102-1232, OCLA, reads as follows:

> "The commission shall have power, after a hearing had upon its own motion or upon complaint by general or special orders, rules and regulations, or otherwise:
>
> "(1) To declare and prescribe what safety devices, safeguards or other means or methods of protection are well adapted to render the employees of every employment and place of employment safe as required by law or lawful order.
>
> "(2) To fix reasonable standards and to pre-

scribe, modify and enforce such reasonable orders for the adoption, installation, use, maintenance and operation of safety devices, safeguards and other means or methods of protection, to be as nearly uniform as possible, as may be necessary to carry out all laws and lawful orders relative to the protection of the life and safety of employees in employment and places of employment.

"(3) To fix and order such reasonable standards for the construction, repair and maintenance of places of employment and equipment as shall render them safe.

"(4) To require the performance of any other act which the protection of the life and safety of employees in employments and places of employment may demand. [L. 1920, ch. 48, § 5, p. 84; O.L. § 6769; O.C. 1930, § 49-1305]"

This act provides that the commission shall have the power to require the doing by the employer of certain acts and the desisting from certain acts for the safety of his employees. Section 102-1241, OCLA, provides that every order of the commission shall be admissible as evidence in any prosecution for the violation of any of its orders. Section 102-1242, OCLA, provides a penalty for the violation of these orders. The statutes go no further than to permit the commission to require certain acts to be done and to provide punishment for the violation of its orders. In other words, it is permitted to establish a standard of care, which includes the requirement that certain safety devices be used, to be followed by an employer, but it is not permitted to change his liability to the employee from that which arises out of the negligence of the employer to that of absolute liability as an insurer. The rights granted the commission merely change the measuring stick by which negligence may be determined.

■ Ordinarily the standard of due care from which the triers of fact may judge the negligence or non-negligence of an act is the conduct of the reasonably prudent man. *Sullivan v. Mountain States Power Co.,* 139 Or 282, 9 P2d 1038; *Fox v. Royce,* 194 Or 419, 242 P2d 190. In instances where a legislative body has acted to declare what shall or shall not be done, the triers of fact no longer determine the negligence or non-negligence of a party by comparison with the conduct of a reasonably prudent man, but whether or not the expressed legislative will has been complied with.

■ If there has been a violation of the legislative will then negligence is established not by comparison, but as a matter of law. *Peterson v. Standard Oil Co.,* 55 Or 511, 519, 106 P 337.

■ Independent of the order of the commission, and independent of the Employers' Liability Act, the law has always attached an obligation upon the employer to respond in damages to the employee for his, the employer's, negligence. No new cause of action has been created by the statute, or the rules of the State Industrial Accident Commission, but only a determination of the standard of care to be exercised by the employer toward his employee.

The judgment of the lower court is affirmed.