Robert L. **HALL**, Appellant,

v.

**COPCO PACIFIC, Ltd., a Delaware Corporation,** Appellee.

No. 14506.

United States Court of Appeals
Ninth Circuit.

Aug. 11, 1955.

Rehearing Denied Sept. 27, 1955.

P. H. McCarthy, Jr., F. Nason O'Hara, Herbert S. Johnson, San Francisco, Cal., for appellant.

Keith, Creede & Sedgwick, Frank J. Creede, Scott Conley, San Francisco, Cal., for appellee.

Before STEPHENS, ORR and CHAMBERS, Circuit Judges.

ORR, Circuit Judge.

The United States District Court for the Northern District of California dismissed an action brought by appellant on the ground that it was barred by the California statute of limitations. Calif. Code of Civil Procedure, § 340, subd. 3. It is a diversity case arising out of an accidental injury sustained by appellant in the state of Oregon and involves a conflict of laws. Appellant, at the time of sustaining his injury, was employed by appellee, who was in default under the Oregon Employers' Liability Act.

The complaint contains two causes of action. It is conceded by the parties that the allegations of the complaint, as to each cause of action, are sufficient to state a cause of action under Oregon law, which said law allows suit by an injured Oregon employee against his employer in such circumstances as were here alleged. The first cause of action pleaded seeks recovery under the Oregon Employers' Liability Act, Ore.Rev.Stats. § 654.305 et seq. The second cause of action purports to come within the Oregon Workmen's Compensation Law, Ore.Rev.Stats. § 656.002 et seq. (see §§ 656.024 and 656.026).

The action was filed on the last day of the two year period immediately following the date of injury, which filing was within the Oregon statutory period of limitations as to both causes of action. The sole question before us is whether the action is barred by the California one year statute of limitations, Cal.C.C.P. § 340(3), which is applicable to injuries "caused by the wrongful act or neglect of another".

■ Under the doctrine of Klaxon v. Stentor El. Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, United States courts, in diversity cases, will apply the conflict of laws principles of the state in which they sit. It is conceded that California recognizes the rule that the forum will apply its own statute of limitations regardless of where the cause of action arose,[1] with the exception, not applicable here, of foreign acts containing limitations of the "built-in" type.

We now approach the problem of whether California courts would characterize the instant action as an ordinary negligence action which, under § 340, subd. 3, Cal.C.C.P., would be subject to a one year statutory period of limitations, or, in the alternative, characterize it as one upon "a liability created by statute * * *" under § 338(1) Cal.C.C.P. which provides a three year period. Characterization of actions should be made in accordance with the law of the forum, Bank of United States v. Donnally, 1834, 8 Pet. 361, 8 L.Ed. 974; see 11 Cal.Jur.2d 4.

Interpretation of the term "created by statute" used in Cal.C.C.P. § 338(1) by the courts of California lends substance to the phrase and serves as a guide to its meaning, scope and intent.

■ We first consider the cause of action pleaded under the Oregon Workmen's Compensation Act. We need not speculate as to how California would classify such an action. The Supreme Court of California, in discussing provisions of the Workmen's Compensation Law of California, has said in Rideaux v. Torgrimson, 12 Cal.2d 633, 636, 86 P.2d 826, 827, 1939:

"By section 29(b) the legislature has provided *a statutory cause of action for personal injuries* quite different from that of the common law. If an employer fails to secure the payment of compensation, either an injured employee or his dependents may sue the employer, or 'the legal representatives of any deceased

1. Biewend v. Biewend, 1941, 17 Cal.2d 108, 109 P.2d 701, 132 A.L.R. 1264; Western Coal & Mining Co. v. Jones, 27 Cal.2d 819, 167 P.2d 719, 164 A.L.R. 685.

employer', for damages. In such an action the plaintiff may attach the property of the employer and is given the benefit of a presumption that the employer was negligent. The employer may not defend upon the ground that the employee was contributorily negligent, or assumed the risks of the hazards attending his employment, or that he was injured through the negligence of a fellow servant." (Emphasis supplied.)

and 12 Cal.2d at page 637, 86 P.2d at page 827:

"For those injured employees who find themselves without the protection of the insurance required by the compensation law, the legislature has provided a remedy having somewhat the nature of a penalty."

The Oregon Workmen's Compensation Act, as does the California law, provides an exclusive remedy for employees within its scope unless the employer has failed to secure the payment of compensation to an injured employee. California Labor Code, § 3706; Bigby v. Pelican Bay Lbr. Co., 1949, 173 Or. 682, 147 P.2d 199.

Under the laws of both states, in the event the employer fails to secure such payment of compensation the injured employee is given a right of civil action for damages. California Labor Code, § 3708, Ore.Rev.Stats. §§ 656.024 and 656.026.

Ore.Rev.Stats. § 656.024, as does California § 3708 Labor Code, deprive the employer of the defense of contributory negligence, assumption of risk and the fellow servant doctrine.

In its assertion that the causes of action pleaded are common law actions appellee relies on the case of Shelton v. Paris, 1953, 199 Or. 365, 261 P.2d 856. The court in that case was concerned with the Oregon Employers' Liability Act, Ore.Rev.Stats. § 654.305 et seq. In any event had it dealt with actions under the Oregon Workmen's Compensation Act it would not be controlling. Oregon may not define the content of the term "liability created by statute" as used in California legislation. We find the second cause of action was timely brought under § 338(1) Cal.C.C.P.

■ As to the first cause of action pleaded under the Oregon Employers' Liability Act, Ore.Rev.Stats. § 654.305 et. seq., we reach a different conclusion. This section is analogous to § 2800 of the California Labor Code, except that the former is applicable only to cases of hazardous activity. See for example the introduction in each section of a comparative negligence test.

In a second appeal in the Rideaux case, 39 Cal.App.2d 273, 102 P.2d 1104, the California District Court of Appeal held that an action under § 2800 of the Labor Code was subject to the one year rule of § 340(3) Cal.C.C.P. as at common law. There is no conflict between this decision and the view of the Oregon court in Shelton v. Paris, 199 Or. 365, 261 P.2d 856. By the law of either state such an action is one at common law. The California District Court of Appeal recognized that suits under the Workmen's Compensation Law are statutory, but distinguished suits under § 2800. Hence, the first cause of action is barred by § 340(3) and was properly dismissed.

■ There is no merit in appellee's contention that the full faith and credit clause of the United States Constitution, Article IV, Section (1), requires any suspension of the application of California's statutes of limitation. See Wells v. Simonds, 1953, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211. It was there held that the Constitution permits the forum state to apply its own statute of limitations even where the foreign statute creating the substantive right contains a "built-in" period of limitation.

The order dismissing the first cause of action is affirmed.

The order dismissing the second cause of action is reversed.