**Dewey J. O'BRIEN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 16335.

United States Court of Appeals
Ninth Circuit.

Feb. 24, 1960.

E. B. Sahlstrom, Eugene, Or., Philip A. Levin, Portland, Or., for appellant.

C. E. Luckey, U. S. Atty., Portland, Or., for appellee.

Before BONE, BARNES and JERTBERG, Circuit Judges.

BONE, Circuit Judge.

This is a falling tree case. The timber fell upon a panel truck in which appellant was riding as it travelled along a public highway through the federally-owned Willamette National Forest in Western Oregon. Having sustained serious injuries, appellant brought suit under the Tort Claims Act, 28 U.S.C.A. § 1346(b), alleging that the Government (as owner of the forest land on which the snag or dead tree which fell was located) negligently failed to fulfill its responsibility to travelers upon the adjacent highway. Oregon law is applicable.

Pursuant to the pre-trial order the district court decided without a jury the segregated issue of liability and found the Government blameless. Judgment was entered accordingly. Trouble lies in determining the grounds upon which the trial court rested its decision.

Appellant contends that the lower court erred in failing to measure the Government's conduct against the usual standard of reasonable care. In appellant's eyes the decision below expresses a rule of law to the effect that in Oregon the owner of land adjoining a highway has no duty to inspect timber growing thereon for the purpose of protecting passersby on the public thoroughfare.

Appellee, on the contrary, urges that the district court did apply the standard of reasonable care and simply held on the facts before it that the Government had not acted unreasonably. Appellant's interpretation derives support from this statement made in the Opinion of the court below: "It is unthinkable that the Oregon courts would impose upon the owners of forest lands, adjacent to little-used roads in sparsely-settled areas, the duty to inspect and remove trees which are likely to fall because of natural decay." Moreover, the district judge relied heavily upon the case of Chambers v. Whelen, 4 Cir., 1930, 44 F.2d 340, 72 A.L.R. 611, in which an appellate court affirmed a judgment sustaining a demurrer to a falling tree complaint. On the other hand, the Opinion of the lower court reveals that it explicitly gave weight to the assumption of responsibility by the Oregon State Highway Department for the felling of dangerous trees on federal forest lands abutting a public highway, a factor which bears upon the reasonableness of the Government's failure to conduct inspections. More significantly, the court found as a fact that the Government was not negligent in failing to inspect the offending timber, and concluded that, *under the facts of the case*, the Government owed no duty to inspect its forest property for the purpose of insuring highway safety.

Either way the decision below is interpreted, however, we think it correct.

If the trial judge did apply the standard of reasonable care, which seems most probable, his exculpation of the Government was assuredly not "clearly erroneous." Fed.R.Civ.P. 52(a), 28 U.S.C.A. The road upon which appellant was traveling was not a major thoroughfare, and the surrounding countryside was sparsely populated. Consequently, the chance of mishap was lower at the scene of the accident than it was in other and busier areas. Also, the State authorities had assumed responsibility for the de-

struction of trees imperiling travel on the highway and habitually reported unsafe conditions to federal agents in order to obtain permission to remove the source of danger. Hence, an inspection by federal people could understandably be deemed unnecessary. Upon these facts, the lower court could reasonably conclude that the Government, as landowner, did not act unreasonably by failing to inspect the area in which appellant was injured; that a reasonably prudent person in like circumstances would have acted similarly. See Biddle v. Mazzocco, 1955, 204 Or. 547, 554, 284 P.2d 364, 368; Fox v. Royce, 1952, 194 Or. 419, 428, 242 P.2d 190, 194; 2 Harper & James, Torts, § 16.9.

Even if we assume that the trial judge stated a rule of law which he thought would obtain in an Oregon court, his decision must still be affirmed. Of course, any rule of law which emerges from the opinion of the court below is far more narrow than the rule which appellant has inferred. Appellant refers broadly to the duty of *the owner of land adjoining a highway,* but the trial court spoke only of the duty of *the owner of forest land in a sparsely-settled area adjoining a little-used highway,* to guard against dangerous natural conditions.

Unfortunately, no Oregon decision is in point, and we appreciate that the task of predicting the future action of any judicial body is always hazardous. But we think, as did the trial judge, that an Oregon court would be likely to adopt, at the least, a similar, limited view of the non-liability of a landowner for injuries to travelers upon a public roadway abutting his land.

Courts and commentators are in disagreement as to whether, as a matter of law, a rural landowner should be saddled with a duty to inspect the natural conditions of that part of his land near a public highway. Compare Chambers v. Whelen, 4 Cir., 1930, 44 F.2d 340 *and* Prosser, Torts 431 (2d ed. 1955) *with* Noel, Nuisances from Land in its Natural Condition, 56 Harv.L.Rev. 772, 791 (1943). Many falling tree cases may be distinguished because they either involve urban or suburban property *or* a landowner who had actual or constructive notice as to the dangerous condition which caused the accident. See Hay v. Norwalk Lodge, 1952, 92 Ohio App. 14, 109 N.E.2d 481; Edgett v. State, 1959, 7 A.D.2d 570, 184 N.Y.S.2d 952; Brandywine Hundred Realty Co. v. Cotillo, 3 Cir., 1931, 55 F.2d 231. Where rural property is concerned, the differing conclusions as to a duty to inspect reflect conflicting notions as to the proper balance to be drawn between unduly burdening the landowner with a duty to undertake costly affirmative action and protecting travelers on the public highway from injury caused by conditions over which they have no control. In determining what balance an Oregon court would strike, the trial judge noted that the lumbering industry is the dominant contributor to the economic well-being of that State. See Federal Writers' Project, Oregon at p. 60, 1940; Oregon Blue Book at p. 18, 1954; The Timberman, May 29, 1959 at p. 61. It would seem to follow that as a matter of public policy an Oregon court would not impose upon the owners of the State's immense commercial forest lands the burden of inspecting their property for natural conditions imperiling the safety of passersby on the public highway, at least where the area concerned is thinly populated and the highway lightly traveled.

Affirmed.