Argued December 4, 1970, affirmed February 24, 1971

ENTLER, *Appellant, v.* HAMILTON, *Defendant,*
HEMP, INC., *Respondent.*

481 P2d 85

*Raymond J. Conboy*, Portland, argued the cause for appellant. With him on the brief were Pozzi, Wilson & Atchison and Dan O'Leary, Portland.

*John R. Faust, Jr.*, Portland, argued the cause for respondents. With him on the brief were Cake, Jaureguy, Hardy, Buttler & McEwen, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN and TONGUE, Justices.

DENECKE, J.

The plaintiff employee was injured when she fell through an open trap door on her defendant employer's premises. She tried her action for damages before the court sitting without a jury and the court found for the defendant. Plaintiff appeals.

The defendant Hemp, Inc., owned and operated apartments. Plaintiff managed the apartments for Hemp. One night the plaintiff was attempting to guide a fuel oil deliveryman through the basement of the apartment building. When she reached for the light cord to turn on the light she fell through an open

trap door leading to a subbasement. The opening had a hinged door as a cover; however, at the time plaintiff fell the door was raised and the opening was not covered. The court found the defendant did not leave the trap door open and was not negligent because it was open. Substantiating this latter finding was evidence that thieves or other intruders had pushed it up and left it open.

■ The plaintiff contends the trial court erred in finding that the defendant was not negligent. Plaintiff contends the unguarded, unattended open trap door violated the Basic Industrial Safety Code and, therefore, was negligence per se.[1]

Section 2-1-48 of the Code, which was pleaded by plaintiff, provides:

"Trap door, pit, manhole, and similar floor openings shall be provided with covers of adequate strength, which should be hinged in place. While covers are not in place, such openings shall be adequately guarded on all exposed sides or be constantly attended."

We conclude that this provision of the Basic Safety Code does not apply under the circumstances of this case. Apparently, the trial court was of the same opinion although during trial the provisions of the Code were not mentioned by counsel or the court.

The Basic Safety Code was not intended to change the basis of the liability of an employer from negligence to absolute liability. *Shelton v. Paris*, 199 Or 365, 372, 261 P2d 856 (1953); *Snyder v. Prairie Logging Co., Inc.*, 207 Or 572, 581-583, 298 P2d 180 (1956). In this case the court found the employer was

---

[1] The Code was promulgated by the Workmen's Compensation Board and has the force of law. ORS 654.025.

not negligent because it did not open the door and it could not reasonably anticipate that someone else would leave the door open. The plaintiff urges us to hold that nevertheless the employer has a duty to guard or attend the opening left by the opening of the trap door. This would impose absolute liability on an employer. This section of the Code does not apply because the employer or his employees did not leave the door open and, considering the location of the door and the other circumstances of this case, the employer could not reasonably anticipate that a thief would enter and leave the door open.

■ Plaintiff also urges us to hold that the evidence requires a finding, as a matter of law, that the defendant violated ORS 654.010-654.015 incorporating the employer's common-law duty to furnish a safe place of employment. In our opinion the above statement of facts refutes the contention without more discussion. The one precedent cited in support of plaintiff's contention, *Glennon v. Star Co.*, 114 NY Supp 1044, 130 App Div 491 (1909), affm'd 197 NY 597, 91 NE 1113 (1910), held that based upon the evidence presented in that case, the question of whether the employer furnished a safe place of employment was one to be decided by the trier of fact, and not as a matter of law.

■ Plaintiff also attacks the trial court's finding of fact that the work plaintiff was doing when she was injured did not involve "risk or danger" within the meaning of the Employers' Liability Act. ORS 654.305. She asserts that the work involved risk or danger as a matter of law. Whether work involves "risk or danger" is generally a question of fact as we hold it was in this case. This was the decision in *Hale v.*

*Electric Steel Foundry Co.*, 183 Or 275, 191 P2d 396, 192 P2d 257 (1948), in which the plaintiff was injured while loading a slab of iron weighing about 100 pounds into an electric furnace. We also reached this conclusion in *Williams v. Clemen's Forest Prod., Inc.*, 188 Or 572, 216 P2d 241, 217 P2d 252 (1950). There, the decedent was working in a sawmill near a conveyor carrying refuse and he was killed by a block which fell out of the conveyor system. After a defendant's verdict a new trial was granted because the question of whether the work involved risk or danger was submitted to the jury. We reversed, holding the question was rightfully submitted to the jury. Likewise, the question here was for the trier of fact.

The trial court did not err.

Affirmed.