**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

FEB 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLINTON O. MARSHALL, | No. 22-35899 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-01899-MO |
| v. | |
| RS 2018 FLOAT, LLC; GREENBRIER CENTRAL, LLC, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| WELLS FARGO RAIL CORPORATION; ACF INDUSTRIES, LLC; WYOMING COLORADO RAILROAD, INC., DBA Oregon Eastern Railroad; AMERICAN RAILCAR LEASING, LLC; SMBC RAILCAR SERVICES, LLC; BNSF RAILWAY COMPANY; UNION PACIFIC RAILROAD COMPANY; AMERICAN RAILCAR INDUSTRIES; AMERICAN INDUSTRIAL TRANSPORT; THE GREENBRIER COMPANIES, INC., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted December 7, 2023
Portland, Oregon

Before: NGUYEN and MILLER, Circuit Judges, and MONTALVO,[**] District Judge.

Clinton O. Marshall, an employee of EP Minerals, Inc., was injured while working on a pressurized railcar manufactured by Greenbrier Central LLC (Greenbrier) and owned and leased by RS 2018 Float, LLC (Float). In this diversity action, Marshall brought claims against Float and Greenbrier under Oregon law. The district court excluded certain expert testimony proffered by Marshall and then granted summary judgment to the defendants on all claims. Marshall appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's ruling on the admissibility of expert testimony for abuse of discretion. *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014). We review a district court's grant of summary judgment de novo. *Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washinton Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

---

[**] The Honorable Frank Montalvo, United States District Judge for the Western District of Texas, sitting by designation.

1. Marshall argues that the district court improperly excluded parts of his experts' testimony on railcar design, modifications, and loading practices. Under Federal Rule of Evidence 702, a district court must determine "whether the expert witness is qualified and has specialized knowledge that will 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *McKendall v. Crown Control Corp.*, 122 F.3d 803, 805 (9th Cir. 1997) (quoting Fed. R. Evid. 702), *overruled on other grounds by White v. Ford Motor Co.*, 312 F.3d 998, 1007 (9th Cir. 2002); *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993). The touchstone of this inquiry is reliability. *Daubert*, 509 U.S. at 590 & n.9. Ultimately, the test of reliability is "flexible," *id.* at 594, and a district court is given wide latitude in deciding both how to determine reliability and in making the reliability determination itself. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

Marshall correctly observes that there is "no requirement that an expert be a specialist in a given field," *Doe v. Cutter Biological, Inc.*, 971 F.2d 375, 385 (9th Cir. 1992), and that any "lack of particularized expertise goes to the weight accorded [an expert's] testimony, not to the admissibility of her opinion as an expert," *United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993). To the extent that the district court's order may be construed as resting on the experts' lack of particularized expertise with railcars, we do not endorse its analysis.

As the district court noted, however, Marshall's experts did not explain the basis for their opinions regarding the foreseeability of EP Minerals' actions in loading the railcar under pressure. They also did not describe the methodology used to derive their opinions or identify the bases for their otherwise bare assertions. And beyond general references to their broad areas of expertise, they did not provide any link between their expertise and their opinions and methodology. We therefore cannot say that the district court abused its discretion in finding their opinions unreliable and excluding them.

2. Marshall argues that the district court erred in granting Float's motion for summary judgment on his claim under the Oregon Safe Employment Act (OSEA), Or. Rev. Stat. § 654.015, his claim under the Oregon Employer Liability Law (OELL), Or. Rev. Stat. § 654.305, and his common-law negligence claim.

The district court held that an OSEA claim under section 654.015 requires a plaintiff to allege a separate violation of the Oregon safety code, which Marshall concedes he did not do. Marshall contends that because section 654.015 is itself a part of the safety code, it provides a standalone cause of action. That interpretation is not supported by Oregon law. Section 654.015 merely codifies the common-law standard of the duty to "furnish a safe place of employment." *Entler v. Hamilton*, 481 P.2d 85, 86 (Or. 1971). Marshall identifies no Oregon case in which an alleged violation of section 654.015 alone was sufficient to find an owner negligent.

The OELL "imposes a heightened standard of care on employers and others who are in charge of work involving risk or danger." *Boothby v. D.R. Johnson Lumber Co.*, 55 P.3d 1113, 1116 (Or. Ct. App. 2002) (internal quotation marks omitted). As the district court explained, Marshall was employed by EP Minerals, not by Float. Marshall argues that Float should be deemed an indirect employer under what is known as the "common enterprise" test, which asks whether the non-employer has affirmatively exercised control over the activity or instrumentality that caused the injury. *See Brown v. Boise-Cascade Corp.*, 946 P.2d 324, 329 (Or. Ct. App. 1997). A finding of indirect employment under that test requires that "the defendant or his employee and plaintiff's employer must actively join in a physical way in carrying on the particular work which produces the injury." *Thomas v. Foglio*, 358 P.2d 1066, 1069 (Or. 1961). Although Float retained some control over the railcar through a lease provision prohibiting modification, that is insufficient to establish that Float "actively joined in a physical way" in carrying out EP Minerals' work.

As for the common-law negligence claim, the district court did not abuse its discretion in excluding the expert testimony discussed above. Without that testimony, no evidence in the record established the foreseeability of EP Minerals' use of the EP pressurized apparatus. Without such evidence, Marshall did not create a genuine dispute of material fact as to foreseeability, which is an element of

5

a negligence claim.

3. Finally, Marshall argues that the district court erred in granting Greenbrier's motion for summary judgment on his product liability claims. Under Oregon Revised Statute § 30.915, a defendant is entitled to a complete defense to product liability claims where it can establish that, among other things, a product was altered or modified in a manner not in accordance with the manufacturer's instructions and in a manner that was not reasonably foreseeable. Marshall contends that the EP pressurized apparatus is not a modification. But EP Minerals' use of that apparatus bypassed the safety catch on the original hatches, which would have prevented the hatch cover from opening while the railcar was under pressure. The bypassing of that safety feature constituted a modification. There is no dispute that Greenbrier did not know of EP Minerals' use of the apparatus. And, as previously discussed, there is no evidence in the record that the use of the apparatus was reasonably foreseeable. Because Greenbrier established that the elements of section 30.915's complete defense were satisfied, the district court did not err in granting summary judgment as to Marshall's product liability claims.

**AFFIRMED.**